**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHAD MARK FRANCO FERRARI,**<br>Plaintiff,<br>*v.*<br>**DETECTIVE DAVID LEONARD,** et al.,<br>Defendants. | **CIVIL ACTION**<br><br>**NO. 26-1866-KSM** |

**ORDER**

**AND NOW** this 3rd day of April, 2026, upon consideration of pro se Plaintiff Chad Mark Franco Ferrari's Motion for Issuance of Summons and Service of Process by the United States Marshal Service (Doc. No. 9), it is **ORDERED** that Plaintiff's motion (Doc. No. 9) is **GRANTED in part and DENIED in part** as follows:

1. Plaintiff's request to have the Court issue Summonses is **GRANTED**. The Clerk of Court is **DIRECTED** to issue Summonses in this action.

2. Plaintiff's request to have the United States Marshals effect service for him is **DENIED**. Federal Rule of Civil Procedure 4(c)(3) provides: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C.§ 1916." Typically, if a plaintiff pays the filing fee, he or she must serve the Summons. *See Walker v. Pennsylvania Dep't. of Transp.*, 812 F. App'x. 93, 93 n.1 (3d Cir. 2020) (stating that a plaintiff who pays the

filing fee is normally "responsible for service"). Here, Plaintiff paid the filing fee (Doc. No. 4).[1] And Plaintiff is not—to the Court's knowledge—a seaman. So, Plaintiff must serve the Summons.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

KAREN SPENCER MARSTON, J.

[1] Plaintiff's motion claims that he "paid the filing fee in this action from borrowed funds to expedite docketing . . . [and he] lacks the financial resources to retain a private process service or to effect personal service on fourteen Defendants at multiple government and private locations." (Doc. No. 9 at 1.) But Plaintiff has not provided the Court evidence of such financial indigency, merely conclusory statements, so at this time the Court cannot say service by the Marshals is justified. *See Peterson v. HVM LLC*, No. 14cv1137, 2018 WL 1414143, at *1 (D.N.J. Mar. 20, 2018) ("[T]here is no entitlement to service by the Marshals and that there had been no showing that such service was justified.")