**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHAD MARK FRANCO FERRARI,** | |
| **Plaintiff,** | **CIVIL ACTION** |
| **v.** | **No. 2:26-cv-01866-GAW** |
| **DETECTIVE DANIEL LEONDARD, *et al.*,** | |
| **Defendants.** | |

**ORDER**

AND NOW, this _____ day of __________________________, 2026, upon consideration of Defendant Vincent Corrigan's Motion to Dismiss, and any opposition thereto, it is hereby **ORDERED** that the motion is **GRANTED,** and Plaintiff's claims against them are **DISMISSED WITH PREJUDICE** pursuant to Federal Rules of Civil Procedure 12(b)(6).

_______________________________
**J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHAD MARK FRANCO FERRARI,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| **v.** | : | **No. 2:26-cv-01866-GAW** |
| **DETECTIVE DANIEL LEONDARD, *et al.*,** | : | |
| **Defendants.** | : | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT
ON BEHALF OF DEFENDANT VINCENT CORRIGAN**

Defendant Vincent Corrigan moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As set forth more fully in the accompanying memorandum of law, which is incorporated by reference herein, *see* Local Rule 7.1, the Complaint should be dismissed with prejudice.

Respectfully submitted,

/s/ *Steven A. Nelson*

Steven A. Nelson
Assistant District Attorney
Civil Litigation Unit

Date: September 14, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHAD MARK FRANCO FERRARI,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| **v.** | : | **No. 2:26-cv-01866-GAW** |
| **DETECTIVE DANIEL LEONDARD, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS FILED BY VINCENT CORRIGAN**

In his complaint, Plaintiff Chad Ferrari alleges a substantial conspiracy to target and harass him that involves not only the Philadelphia Police Department, but also the First Judicial District, many members of the District Attorney's Office (including the District Attorney himself), an individual named Richard Williamson (as a "private state actor"), and even Plaintiff's own attorneys. Plaintiff alleges that, stemming from this conspiracy, he has been subjected to multiple false arrests, wrongful imprisonment, a warrantless search of his cell phone, retaliatory prosecution, viewpoint discrimination, and suppression of *Brady* materials, in addition to other claims. Plaintiff seeks equitable relief in the form of declarations that the various alleged acts were unconstitutional violations of Plaintiff's rights. He seeks compensatory relief for damages in the form of monetary compensation for injuries suffered. He also seeks punitive relief in the form of monetary compensation, in addition to other forms of relief, including an injunction against his currently pending criminal prosecution.

Plaintiff's Complaint raises a total of five counts. Defendant Vincent Corrigan is named in three of them: Count II (4th Amendment: False Arrest / Wrongful Imprisonment), Count IV (14th Amendment: Brady Suppression), and Count V (Giglio/Brady: Prosecutorial Conflict Non-Disclosure). Because Plaintiffs seek to enjoin the underlying criminal proceedings, this Court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971). Moreover, it appears the only allegation against Defendant Corrigan is that he filed a pleading in Plaintiff's criminal case that his counsel allegedly failed not share with him. Defendant Corrigan is entitled to absolute prosecutorial immunity, and in any event, Plaintiff's fails to allege any misconduct by Defendant Corrigan. This suit should be dismissed.

## I. BACKGROUND

### A. *Factual Allegations*[1]

Plaintiff was arrested three times in the span of seven months. Complaint, ¶ 1. He was first arrested in August 2025 for unlawful use of a recording device in court. *Commonwealth v. Ferrari*, MC-51-CR-0015343-2025. His second arrest came in January 2026, and he was charged with contempt and terroristic threats. *Commonwealth v. Ferrari*, MC-51-CR-0000640-2026. He was again arrested in February 2026 and has been held for court on charges of ethnic intimidation, retaliation

[1] The facts set forth herein are derived from Plaintiffs' Complaint and public records, which this Court may consider in deciding the instant motion. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaints, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). Courts have defined public records to include judicial opinions and criminal case dispositions. *See Logan v. Bd. of Educ. Sch. Dist. of Pittsburgh*, 742 F. App'x 628, 633 (3d Cir. 2018) (citation omitted).

against a prosecutor or judicial official, terroristic threats, and harassment. *Commonwealth v. Ferrari*, CP-51-CR-0004295-2026. Defendant Corrigan is the assigned prosecutor in Plaintiff's cases, all of which remain pending.

Plaintiff's claims against Defendant Corrigan appear to stem from a motion he filed in January 2026 which named Judge Sulman as a material witness in his prosecution for illegally recording court proceedings in Judge Sulman's courtroom. Plaintiff alleges that his own counsel did not inform Plaintiff of Defendant Corrigan's pleading until moments before his February 2026 arrest, twenty days later. *Id*., ¶ 36-37.

**B. *Procedural History***

On March 23, 2026, Plaintiff Ferrari initiated this suit, naming Detective Daniel Leonard as the lead defendant, in addition to four other members of the Philadelphia Police Department, two members of the Philadelphia Sheriff's Department, three members of the Philadelphia District Attorney's Office, a "private actor conspiring under color of state law" (Richard Williamson), the City of Philadelphia, and an additional 25 unnamed "John Doe" defendants. Complaint, 3/23/26. Plaintiff names Defendant Corrigan in three counts of the instant complaint: (1) Count II – Fourth Amendment: False Arrest / Wrongful Imprisonment (Three Arrests),[2] (2) Count IV – Fourteenth

[2] Defendant Corrigan is not mentioned in this claim at all. Furthermore, in his "Evidence Matrix" on page 38, Plaintiff notes the "key fact anchor" for this claim to be "Void PFA predicate chain; Vidas p.15 on-record admission; Fanning arrest 3/10/26," none of which have been connected to Defendant Corrigan. *Complaint*, p. 38.

Amendment: *Brady* Suppression, and (3) Count V – *Giglio*/*Brady*: Prosecutorial Conflict Non-Disclosure.[3]

Defendant Corrigan was served with a copy of the complaint on June 29, 2026, more than 90 days after the complaint was filed. Plaintiff's motion for an extension of time to perfect service under FRCP 4(m), then pending, was subsequently granted on July 9. Defendant Corrigan moved for an extension of time to respond on July 30, which was granted on August 4. Defendant's response is presently due on August 29, 2026. Defendant Corrigan now moves to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

A party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562

[3] Defendant Corrigan is similarly not mentioned in this claim either. In his "Evidence Matrix", Plaintiff notes the "key fact anchor" for this claim to be "Papademetriou's daughter Eleni= ADA Family Violence Unit, same office prosecuting Chad," nothing relating to the alleged conflict of interest has been alleged to involve Corrigan. *Complaint*, p. 38.

U.S. 521, 530 (2011). Like legal conclusions, a court need not credit "bald assertions" in a complaint when deciding on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996).

## ARGUMENT

The claims against defendant Vincent Corrigan should be dismissed for four reasons. *First*, because Plaintiff is attempting to use this federal suit to prevent his state prosecution, the Court should abstain under *Younger v. Harris*. *Second*, Defendant Corrigan enjoys absolute prosecutorial immunity from suit for the actions alleged by Plaintiff. *Third*, Plaintiff makes no actual allegations against Defendant Corrigan in Counts II or V, so he has quite literally failed to state a claim. And *fourth*, to the extent Plaintiff claims that Defendant Corrigan violated *Brady* and its progeny in Claim IV, his claim is frivolous as it is based on pleadings that were served on his defense counsel.

### A. Because Plaintiff seeks to enjoin the underlying criminal proceedings, this Court should abstain under *Younger v. Harris*.

Plaintiff asks the Court to step into the underlying and ongoing criminal litigation. Such requests run afoul of the federalism and comity concerns that the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), resolves. The Court should therefore abstain.

Under *Younger*, "a federal district court must abstain from hearing a federal case which interferes with certain state proceedings." *Morgan v. Scott*, 83 F.Supp.3d 616, 623 (D. Del. 2015) (citing generally *Younger*, 401 U.S. 37); *accord Gonzalez v. Waterfront Com'n of New York Harbor*, 755 F.3d 176, 180 (3d Cir. 2014). A court should abstain where the following is true: (1) there are ongoing state proceedings of a judicial nature subject to interference by continued federal court action; (2) the state proceedings implicate important state interests; and (3) the state proceedings

provide an adequate opportunity to raise the constitutional challenges at issue. *Id.*; *Keys v. Pennsylvania*, No. 3:cv-10-2487, 2011 WL 766978, at *16 (M.D. Pa. Jan. 19 2011) (citation omitted).[4]

Each of those circumstances is present here. The Plaintiff is the defendant in the underlying criminal proceedings, and his case is pending. The state court criminal proceedings also implicate important state interests since the Commonwealth of Pennsylvania has a legitimate and pressing interest in bringing those accused of crimes swiftly to trial, as it is constitutionally obliged to do. *See Keys*, 2011 WL 766978, at *17 (abstaining under *Younger* where, *inter alia*, state had legitimate interest in preventing riots in prisons); *Morgan*, 2015 WL 1312626, at *5 ("[P]laintiff has an adequate opportunity to raise any potential claims in State court."). And, to the extent that Plaintiff feels that the criminal proceedings are flawed or that he has been constitutionally wronged by the prosecutor or judge, he has the opportunity to raise those claims at trial or on direct and collateral appeal to the Pennsylvania appellate courts. *Keys*, 2011 WL 766978, at *17 ("Plaintiff will have an adequate opportunity to raise his constitutional claims in his state court proceeding, pretrial, and at his trial and in any direct and collateral appeals he may file if he is convicted."); *accord Morgan*, 83 F.Supp.3d 623-24.

Plaintiff has asked this Court to do something it cannot: enjoin his state criminal prosecutions. Because this matter satisfies each of the *Younger* requirements, the Court should abstain from hearing the case.

---

[4] Only under a limited set of "extraordinary circumstances" may a federal court enjoin pending state proceedings. *Morgan*, 83 F.Supp.3d 623. Those circumstances, as announced in *Younger* itself, exist where there is a bad-faith prosecution or a state law that is "flagrantly and patently violative of express constitutional prohibitions," or where the risk of irreparable injury is "both great and immediate." *Younger*, 401 U.S. at 46, 53, 54. Plaintiff has not shown that these exceptions apply here.

**B. Defendant Corrigan is entitled to absolute immunity as a prosecutor.**

Defendant Corrigan is entitled to absolute immunity for the actions stated in this complaint. Absolute immunity from civil suits for damages applies not to particular officials, but to the performance of certain "functions." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). A prosecutor is absolutely immune from civil liability for acts performed "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under s 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Plaintiff appears to be trying to skirt the defense of absolute immunity by designating in his complaint that Defendant Corrigan is sued in his "investigatory and supervisory" capacity. However, Plaintiff at no point alleges anything with regard to Defendant Corrigan that involves any level of investigation or any supervisory role. He makes no argument that the actual determination that Judge Sulman was a material witness, or any investigation leading to that determination, is at issue – only the fact that Defendant Corrigan filed a motion disclosing her status as a witness. Similarly, he makes no claim about Defendant Corrigan's supervisory acts, nor does he make any statements involving any DAO employees who are under Defendant Corrigan's supervision. Defendant Corrigan is being sued merely for filing a court motion in his standard work of presenting the Commonwealth's case. Under *Imbler*, he maintains absolute immunity for that function. The complaint against Defendant Corrigan should be dismissed with prejudice.

**C. Plaintiff does not allege *any* facts against Defendant Corrigan in either Count II or Count V of his complaint, let alone any facts showing misconduct or grounds for relief.**

Defendant Corrigan also moves to dismiss the portions of Plaintiff's claims for relief stemming from Counts II and V, as Plaintiff has not made any allegation that Defendant Corrigan was

involved in any actions that are the source of those claims. As such, there are no allegations against Defendant Corrigan, and therefore no factual basis for relief against him.

In Count II, Plaintiff's false arrest and wrongful imprisonment claims stem from his three arrests, which he appears to be arguing were based on false information in the arrest warrants, which precludes Defendant Corrigan from qualified immunity. *Complaint*, ¶ 56. However, at no point does he allege that Defendant Corrigan was involved in any way in committing these arrests, in creating or executing any of the warrants, or aware that the warrants were (allegedly) materially deficient.

In Count V, Plaintiff's *Brady*/*Giglio* claim stems from the alleged failure of the District Attorney's Office to disclose a conflict of interest in the case. He appears to be claiming that the Office violated *Brady* by failing to disclose that one of the ADAs in the unit responsible for PFA contempt charges like those against Plaintiff is the daughter of the Judge who issued the jurisdictional predicate order for Case -0001972. *Complaint*, ¶ 59. However, at no point does he allege that Defendant Corrigan was aware of any of these individuals' involvement in the case or that he recognized that a conflict existed. Nor does Plaintiff allege that Defendant Corrigan had a duty to disclose this information to Plaintiff that he failed to fulfill.

In sum, Plaintiff has not stated any actions of Defendant Corrigan's other than his filing of a motion. He has not connected the filing of that motion, nor made any other connection to Defendant Corrigan in these two counts. The claims against Defendant Corrigan should be dismissed with prejudice.

### D. Plaintiff's allegations against Defendant Corrigan in Count IV do not indicate any misconduct, let alone suppression of *Brady* materials.

Finally, Plaintiff alleges that Defendant Corrigan conspired to suppress evidence from him in violation of *Brady* and *Giglio*. He alleges that Defendant Corrigan suppressed evidence, specifically, that he suppressed a statement in which the DAO was naming Judge Sulman as a material witness. Defendant Corrigan's alleged means of suppressing this evidence from Plaintiff was by filing it in a court motion in Plaintiff's own case. But in order to violate *Brady*, the prosecution must suppress favorable evidence. Defendant Corrigan here filed this statement openly in court proceedings, which was available to defense counsel, and thereby to defendant. A criminal defendant is "deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *New York v. Hill*, 528 U.S. 110, 115 (2000) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962)).

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted. Defendant Corrigan requests that all portions of the Complaint implicating him be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6). To the extent that Defendant Corrigan may have overlooked any subpart of Plaintiffs' 74-page Complaint, or to the extent that the Court feels it would benefit from more focused briefing on any issue, Defendant Corrigan would respectfully request the opportunity to provide supplemental briefing.

Respectfully submitted,

/s/ *Steven A. Nelson*
Steven A. Nelson
Assistant District Attorney
Civil Litigation Unit

Date: September 14, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHAD MARK FRANCO FERRARI,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| **v.** | : | **No. 2:26-cv-01866-GAW** |
| **DETECTIVE DANIEL LEONDARD, *et al.*,** | : | |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 14, 2026, true and correct copies of the foregoing document were served on all parties of record via the Court's e-filing system.

Respectfully submitted,

/s/ *Steven A. Nelson*

*Counsel for Defendant Vincent Corrigan*