**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT VINCENT CORRIGAN'S MOTION TO DISMISS (ECF 33)**

## INTRODUCTION

The motion's immunity argument rests on a single premise: Plaintiff "at no point alleges anything with regard to Defendant Corrigan that involves any level of investigation or any supervisory role." (ECF 33 at 9.) Corrigan's own email points the other way. On September 23, 2025, signing as "Chief Special Investigations Unit," he wrote to a detective assigned to the Office's Investigations Division: "Can you contact Judge Sulman to document what, exactly Ferrari was doing? . . . As Brett has moved onto MC I am handling the case for now." (Ex. 7.) The detective did as he was asked and reported back to Corrigan two days later. (Id.) No complaint then on file charged the conduct Corrigan sent him to document. The Office later produced the thread in its discovery for a prosecution charged four months afterward—on a complaint Corrigan approved. (Ex. 1.)

That email is not alone. A month before any criminal complaint, the application to extract every file on a phone that, according to the affidavit, was seized in a Family Court courtroom—"active files, deleted files, system files, and application data"—bore the notation "APPROVED BY ADA CORRIGAN 7/1/25 @ 2:09 pm"; the complaint that followed was approved by a different prosecutor. (Exs. 4, 5.) Through the fall of 2025, the chief of the Office's Municipal Court Unit forwarded messages about Plaintiff to Corrigan—"See below"; "More

from Mr. Ferrari." (Ex. 8.) And on December 24, 2025, at 10:25 a.m., five minutes after the time stamp on an email attributed to Plaintiff, a Family Court judge's law clerk forwarded it to Corrigan—"Hi, Vini: We just received this from Mr. Ferrari"—about an hour before the time the arrest report lists as reported. (Exs. 6, 12.)

Much of this record had not reached Plaintiff when he filed in March 2026, and some of it—including the audit trail generated on June 5, 2026—did not yet exist. He first learned of Corrigan's involvement in his cases on February 2, 2026. On January 14, 2026, a Special Investigations Unit employee marked items titled "Re_ Comm v Ferrari" and "Re_ Christmas Eve and Christmas Day custody schedule" "Do not disclose" in the Office's evidence system. (Ex. 11 at 6.) The Office's production also includes a copy of the September thread with its second and third pages redacted. (Ex. 7, Attachment A.) The unredacted thread is in the Office's September 14, 2026 production, sent the day it filed this motion. (Ex. 7.) Plaintiff seeks no relief for the designation or the redactions; he cites them only as part of the Office's own record of Corrigan's role. Two months before he filed the motion, Corrigan had written to Plaintiff that he had "nothing to do with the Family Court matter." (Ex. 2.) His motion now says he "is the assigned prosecutor in Plaintiff's cases, all of which remain pending." (ECF 33 at 5.)

The motion fails for three reasons. Younger does not permit the dismissal of damages claims; at most it permits a stay. Absolute immunity is an affirmative defense that Corrigan must establish act by act, and nothing on the face of the complaint establishes it. The Office's own records point the other way. And every pleading gap the motion identifies is curable: Plaintiff will file an amended complaint as of right on or before October 5, 2026. He files this opposition so that the motion is not treated as uncontested under Local Rule 7.1(c), and so that no claim is dismissed with prejudice on a record Plaintiff did not have when he filed.

## THE AMENDMENT AND THIS OPPOSITION

No defendant has answered, and ECF 33 is the first Rule 12(b) motion directed to the complaint. Rule 15(a)(1)(B) therefore permits Plaintiff to amend once as a matter of course within 21 days after its service on September 14, 2026—that is, through October 5, 2026. Plaintiff also sought leave to amend in his motion of August 7, 2026 (ECF 21), which has not been ruled upon. If the Court concludes that the as-of-right period does not apply, Plaintiff asks in the alternative for leave under Rule 15(a)(2) to file an amended complaint within 21 days of the Court's order. The Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2); see Foman v. Davis, 371 U.S. 178, 182 (1962), and leave is especially warranted where, as here, the records that answer the motion are in the Office's own September 14, 2026 production, sent the day the motion was filed.

The amended complaint will (1) plead Corrigan's conduct act by act, with dates, sources, and the function each act served; (2) tie each count against Corrigan to specific acts; (3) add the July 1, 2025 search-warrant approval to the Fourth Amendment search claim; and (4) correct the original complaint's description of the phone search as warrantless—the production shows that a warrant issued on July 2, 2025, on an application bearing a notation of Corrigan's approval dated the day before. Plaintiff does not concede that the original complaint, liberally construed, fails to state a claim. The amendment is offered to remove any doubt.

## BACKGROUND

### A. The complaint and the motion.

Plaintiff filed this action pro se on March 23, 2026. He is the defendant in three Philadelphia prosecutions: MC-51-CR-0015343-2025; MC-51-CR-0000640-2026; and CP-51-CR-0004295-2026 (formerly MC-51-CR-0001972-2026). (See ECF 33 at 4–5.) He sued Corrigan in his "investigatory and supervisory" capacity. (ECF 33 at 9.) The motion was filed on

September 14, 2026, after two extensions (ECF 19, 26), by the Civil Litigation Unit of the District Attorney's Office—the same Office that is prosecuting Plaintiff in all three cases. (ECF 33 at 2, 11.) Citations to ECF 33 are to the page numbers in the ECF header.

**B. Facts the amended complaint will plead.**

Except where noted, each fact below is drawn from the Commonwealth's own documents. Pin cites to Exhibits 4 and 11 are to the pages of the underlying documents. The facts are offered to show that amendment would not be futile.

(1) Corrigan's title. In correspondence in Plaintiff's cases, in 2025 and 2026 alike, Corrigan signs as "Chief Special Investigations Unit" of the Philadelphia District Attorney's Office. (Exs. 2, 7.)

(2) June–July 2025: the investigation and the phone search. According to the affidavit of probable cause, a cell phone was seized in a Family Court courtroom on June 18, 2025, and held at the Office's Gun Violence Task Force "in preparation for extraction after approval of a search warrant." (Ex. 4 at 2.) The affiant, Detective Daniel Leonard, is "assigned to the Philadelphia District Attorney's Office—Investigations Division." (Id.) He sought a full extraction—"active files, deleted files, system files, and application data." (Id. at 1.) The application bears the handwritten notation "APPROVED BY ADA CORRIGAN 7/1/25 @ 2:09 pm," and its box "Warrant Application Approved by District Attorney – DA File No. GVTF" is checked—a box the form marks for use "[i]f DA approval required per Pa.R.Crim.P. 202(A)." (Id.) The warrant issued on July 2, 2025. (Id. at 1.) On July 17, 2025, Assistant District Attorney Brett A. Zakeosian, signing as "Special Investigations Unit" and copying Detective Leonard, wrote to Plaintiff: "You are currently under criminal investigation." (Ex. 10.) The criminal complaint was sworn on August 1, 2025, and states that it was "reviewed and approved by A.D.A. COREY GRABLE." (Ex. 5.)

(3) September 23–25, 2025: Corrigan directs the detective. On September 23, 2025, Corrigan wrote to Detective Leonard under the subject "Comm v Ferrari": "Apparently Mr. Ferrari misbehaved again in court yesterday before Judge Shulman. Brett contacted Ferraris attorney to have him admonished. Can you contact Judge Shulman to document what, exactly Ferrari was doing? . . . As Brett has moved onto MC I am handling the case for now." (Ex. 7.) On September 25, the detective asked Corrigan for "a better contact for Judge Sulman's chambers," explaining that he had been "trying 6-7912 for a couple days"; then reported, "just spoke with him. Will send you a summary this afternoon." Corrigan replied, "Thank you!" At 2:27 p.m., the detective sent Corrigan a written summary of the call, attaching a transcript of a September 22, 2025 hearing in Plaintiff's divorce case. (Id.) The Office's evidence-management file for the recording case is maintained under "Dept.: Philadelphia DA - SIU." (Ex. 11 at 1.) It shows that on September 18, 2025, the Unit's paralegal sent that case's discovery to defense counsel, directing any "trouble accessing the material" to "ADA Vini Corrigan" or the "SIU Paralegal," and that Corrigan opened the case record at 4:18 p.m. on September 22, 2025—the afternoon before his email—and again on October 1 and October 9. (Id. at 18.) On September 15, 2025, the audit trail logs eighteen "Case Record Accessed" entries in his name between 11:13 and 11:24 a.m.; about five minutes later the Unit's paralegal sent defense counsel the discovery link "[o]n behalf of ADA Vini Corrigan." (Id. at 19–20.) The audit trail lists "Corrigan, Vincent" as the person who generated it, on June 5, 2026. (Id. at 1.) No complaint then on file charged the conduct Corrigan asked the detective to document. The Office produced the thread as discovery in CP-51-CR-0004295-2026, a case not charged until January 30, 2026.

(4) October–December 2025: material about Plaintiff flows to Corrigan. On October 31, November 14, and December 3, 2025, Brett A. Zakeosian, signing as "Chief | Municipal Court

Unit," forwarded messages about Plaintiff to Corrigan, with the notes "See below" and "More from Mr. Ferrari." (Ex. 8.) The October 31 forward concerned the custody case, Ferrari v. Ferrari, No. OC2402084. (Id.) Each preceded any charge in CP-51-CR-0004295-2026.

(5) December 24, 2025. An email that the Commonwealth attributes to Plaintiff bears a 10:20 a.m. time stamp. At 10:25 a.m., a Family Court judge's law clerk forwarded it to Corrigan: "Hi, Vini: We just received this from Mr. Ferrari." (Ex. 6.) The Commonwealth's arrest report lists a "Date reported" of December 24, 2025, 11:22 a.m.—nearly an hour after the clerk's forward. (Ex. 12.) No complaint or warrant then existed as to conduct of that date. The Commonwealth later charged conduct of that date in CP-51-CR-0004295-2026, on a complaint sworn on January 30, 2026, that states it was "reviewed and approved by A.D.A. VINCENT CORRIGAN." (Ex. 1.) Those charges are pending and contested. Plaintiff does not characterize the email; nothing in this memorandum concedes its authorship or any other fact at issue in that prosecution, and he reserves all rights under the Fifth Amendment. He seeks no damages for the approval of the complaint. The point here is timing: the chief of the Office's Special Investigations Unit had the email about five minutes after its time stamp, before the time the arrest report lists as reported and before any charge for conduct of that date.

(6) January 13, 2026. Corrigan filed a motion in MC-51-CR-0015343-2025 asking that an out-of-county judge preside because a Philadelphia judge was a witness, and served it by email on Plaintiff's then-counsel at the Defender Association. (Ex. 9.) Plaintiff acknowledges that service.

(7) Corrigan's role, on the Office's own documents. On July 13, 2026, in a thread that included a 1:13 p.m. message about "[t]he matter in Family Court, involving the PFA," scheduled for the next day—a matter scheduled for July 14 that his 2:15 p.m. message identifies

as MC-51-CR-0000640-2026—Corrigan wrote: "Once again, I have nothing to do with the Family Court matter and absolutely no authority to grant requests to continue cases." (Ex. 2.) Sixty-three days later, his Office told this Court that he "is the assigned prosecutor in Plaintiff's cases, all of which remain pending." (ECF 33 at 5.) The 1:13 p.m. message itself assigned that matter a docket number, "MC-51-CR-000040-2026," that matches none of Plaintiff's three prosecutions, and told Plaintiff that he "must still appear in Family Court tomorrow." (Id.) Plaintiff does not ask the Court to decide which statement is accurate. The point is that the scope and timing of Corrigan's role are not settled by the motion's description of it, and a statement in a brief cannot establish the function of any act.

(8) January 14, 2026: "Do not disclose." Sixteen days before the complaint in CP-51-CR-0004295-2026 was sworn, a Special Investigations Unit employee added evidence to a folder titled "Ferrari Correspondence to Chambers" in the Unit's evidence file and marked items titled "Re_ Comm v Ferrari" and "Re_ Christmas Eve and Christmas Day custody schedule" "Do not disclose." (Ex. 11 at 6.) Within the hour, Corrigan opened the case record. (Id.) Plaintiff seeks no relief for that designation. He cites it as part of the Office's own record of Corrigan's role. Plaintiff first learned of Corrigan's involvement in his cases on February 2, 2026. The unredacted September 23 thread is in the Office's September 14, 2026 production. (Ex. 7.)

**STANDARD OF REVIEW**

A pro se complaint is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A complaint survives if it pleads factual content that allows the reasonable inference that the defendant is liable. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). An affirmative defense supports

dismissal under Rule 12(b)(6) only when it is apparent on the face of the complaint. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (limitations defense). For absolute immunity in particular, "the defense must clearly appear on the face of the complaint." Wilson v. Rackmill, 878 F.2d 772, 776 (3d Cir. 1989). And in a civil-rights case, a court that finds a complaint deficient must permit a curative amendment unless amendment would be inequitable or futile. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Plaintiff does not ask the Court to consider the exhibits in testing the original complaint. Fed. R. Civ. P. 12(d). They are submitted only to show that amendment would not be futile; the amended complaint, once filed, will supersede the original. Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002).

**ARGUMENT**

**I. Younger does not authorize dismissal of damages claims.**

The motion asks the Court to abstain and then to dismiss with prejudice. Even where Younger applies, it does not permit that result for damages. A federal court that abstains in deference to a pending state proceeding must stay claims for damages that are unavailable in that proceeding, not dismiss them. Deakins v. Monaghan, 484 U.S. 193, 202 (1988); Williams v. Hepting, 844 F.2d 138, 144–45 (3d Cir. 1988); see also Wallace v. Kato, 549 U.S. 384, 393–94 (2007). As the Third Circuit has put it, "if the federal lawsuit seeks only damages, then a federal court cannot dismiss the suit but may, in the exercise of its discretion, stay the case for the pendency of the state proceedings." Borowski v. Kean Univ., 68 F.4th 844, 849–50 (3d Cir. 2023). That the complaint also seeks equitable relief does not change the treatment of its damages claims, which must be stayed rather than dismissed. Deakins, 484 U.S. at 202. The motion itself recites that Plaintiff seeks compensatory and punitive damages (ECF 33 at 3),

which no state criminal court can award. If the Court concludes that Younger applies to any damages claim against Corrigan, Plaintiff asks only that the claim be stayed.

The motion's Younger argument is directed, in substance, at Plaintiff's separate request to enjoin the prosecutions (ECF 29). The motion acknowledges that Younger yields to a bad-faith prosecution. (ECF 33 at 8 n.4.) Whether that exception applies is a question of fact for ECF 29 and its record, not a footnote in a Rule 12(b)(6) motion.

**II. Absolute immunity cannot be granted on the face of this complaint.**

**A. Immunity follows the function, and Corrigan bears the burden act by act.**

Absolute prosecutorial immunity turns on "the nature of the function performed, not the identity of the actor who performed it." Buckley v. Fitzsimmons, 509 U.S. 259, 268–69 (1993) (quoting Forrester v. White, 484 U.S. 219, 229 (1988)). It protects a prosecutor's work as an advocate—"initiating a prosecution and . . . presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). It does not protect investigation: "A prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested." Buckley, 509 U.S. at 274. Advising the police during an investigation is not protected. Burns v. Reed, 500 U.S. 478, 492–96 (1991). "Merely investigative evidence-gathering is not absolutely protected . . . ." Kulwicki v. Dawson, 969 F.2d 1454, 1463–65 (3d Cir. 1992).

"A prosecutor bears the 'heavy burden' of establishing entitlement to absolute immunity." Odd v. Malone, 538 F.3d 202, 207 (3d Cir. 2008). He must show "that absolute immunity should attach to each act he allegedly committed that gave rise to a cause of action." Light v. Haws, 472 F.3d 74, 80–81 (3d Cir. 2007). At this stage, absolute immunity may be granted only if it "clearly appear[s] on the face of the complaint." Weimer v. Cnty. of Fayette, 972 F.3d 177, 187 (3d Cir. 2020) (quoting Fogle v. Sokol, 957 F.3d 148, 161 (3d Cir. 2020)); accord Roberts v. Lau, 90 F.4th 618 (3d Cir. 2024). At that stage the prosecutor's burden "is

uniquely heavy." Fogle, 957 F.3d at 160–61. Where the complaint does not reveal the function of an act, immunity cannot be granted at the pleading stage. Fogle, 957 F.3d at 159–64; Kulwicki, 969 F.2d at 1463–65 (affirming, in part, denial of absolute immunity where the complaint "on its face points more convincingly to 'investigation' than to 'prosecution'"). The Third Circuit has applied these rules to this very Office, denying absolute immunity to Philadelphia assistant district attorneys for conduct that was not advocacy. See Odd, 538 F.3d at 211–14. And it has "rejected bright-line rules that would treat the timing of the prosecutor's action (e.g. pre- or postindictment) . . . as dispositive." Id. at 210. It reaffirmed the point as to this Office after Van de Kamp: a Philadelphia assistant district attorney's duty of disclosure that was "neither discretionary nor advocative" was "a purely administrative act not entitled to the shield of immunity." Schneyder v. Smith, 653 F.3d 313, 334 (3d Cir. 2011). So has this Court. See Bologna v. Krasner, No. 24-3185, ECF 55, slip op. at 37–42 (E.D. Pa. June 25, 2025) (Slomsky, J.) (denying absolute immunity on a Rule 12(b)(6) motion to prosecutors of this Office for a pre-probable-cause investigation, including a witness interview conducted "to determine whether or not probable cause existed"). The same rule was applied last year in a case against this Office: because the assistant district attorney's "entitlement to such immunity does not 'clearly appear on the face of the complaint,' she has not satisfied her 'uniquely heavy' burden at this stage." Fullman v. City of Philadelphia, No. 24-0969, ECF 115 at 17 (E.D. Pa. Jan. 30, 2025) (Beetlestone, J.) (citing Roberts and Carson v. City of Philadelphia, 2024 WL 2057398 (E.D. Pa. May 8, 2024)). Where the Third Circuit has upheld this Office's immunity at the pleading stage, it has done so because the complaint did not "allege, in detail, that a prosecutor acted in an investigative capacity," and it pointed to Fogle and Roberts to "illustrate the level of detail required." Pownall v. Krasner, No. 23-2049, slip op. at 10 (3d Cir. Sept. 12, 2024)

(non-precedential) (affirming dismissal as to grand-jury advocacy). That is a pleading standard the amended complaint can meet from the Office's own records.

**B. The Office's own documents show acts on the investigative side of the line.**

The motion's premise is that the complaint alleges nothing investigative. That is a pleading point, and it is curable. It is not a showing that Corrigan's acts were advocacy. Three sets of facts make the point.

First, directing a detective to gather evidence. On September 23, 2025, Corrigan asked a detective assigned to the Office's Investigations Division to "contact Judge Shulman to document what, exactly Ferrari was doing" in a courtroom the day before, and told him, "I am handling the case for now." (Ex. 7.) The detective made the contact and reported to Corrigan, attaching a hearing transcript. (Id.) Directing a detective to collect a witness's account of new conduct is the detective's work of "searching for the clues and corroboration that might give him probable cause," not the advocate's. Buckley, 509 U.S. at 273; see Burns, 500 U.S. at 492–96. The Third Circuit has denied absolute immunity to an assistant district attorney who "played 'the detective's role' to 'search[] for . . . clues and corroboration.'" Roberts, 90 F.4th at 625–27 (quoting Fogle, 957 F.3d at 162). And the conduct Corrigan asked the detective to document was not the subject of any complaint then on file. In this Circuit, "[c]ertain pre-filing interactions with the police are 'investigative,' such as directing evidence-gathering . . . or giving probable cause advice . . . ." Kulwicki, 969 F.2d at 1464–65. An inquiry into uncharged conduct is also the kind of "collateral investigation into new crimes" that KRL v. Moore, 384 F.3d 1105, 1113–14 (9th Cir. 2004), treats as investigative. Corrigan may answer that he was preparing a witness in the recording case he said he was "handling." Whether he sought the judge's account to prepare that case or to develop evidence of new, uncharged conduct is a question of function that the complaint does not answer in his favor. And even where a charge exists, "[a] determination of

probable cause does not guarantee a prosecutor absolute immunity from liability for all actions taken afterwards." Buckley, 509 U.S. at 274 n.5. The prosecutor in Roberts went looking for a witness after charges were filed, about a month before trial, and was denied immunity because he was "seeking to generate evidence in support of a prosecution." 90 F.4th at 625 (quoting Fogle, 957 F.3d at 163–64). And the Office produced the thread in discovery in CP-51-CR-0004295-2026, a case charged four months later. The motion itself distinguishes the filing of the January 13 motion from "any investigation leading to" the determination that the judge was a witness. (ECF 33 at 9.) A request to a detective to obtain the judge's account is, at the least, plausibly that investigation. The Third Circuit gave the same answer to a "trial preparation" reply at the pleading stage in Roberts: if discovery showed that the prosecutor's role "was limited to interviewing a witness in preparation for trial," he "may yet be entitled to absolute immunity," but "those are not things that we can say at this early stage of the proceedings." Roberts v. Lau, No. 22-2340, slip op. at 3–4 (3d Cir. Jan. 11, 2024), reported at 90 F.4th 618.

Second, approving the phone search a month before any complaint. On July 1, 2025, the application of a detective assigned to the Office's Investigations Division—to extract every file from a phone held since June 18—bears a notation of Corrigan's approval. The phone had been held for nearly two weeks "in preparation for extraction after approval of a search warrant." (Ex. 4 at 1–2.) Pennsylvania permits a district attorney to require prosecutorial approval of search-warrant applications before they are filed, Pa.R.Crim.P. 202(A), and the notation is consistent with that pre-filing review: approval given to a detective, not an appearance before a judge. Advising the police whether they have probable cause during an investigation is not absolutely immune. Burns, 500 U.S. at 492–96. Kalina v. Fletcher, 522 U.S. 118 (1997),

confirms that function controls. There the prosecutor's own preparation and filing of the information and the motion for an arrest warrant were advocacy, while her personal attestation to the facts was not. Id. at 129–31. The question here is the same question of function: whether Corrigan was preparing his own filing to initiate a judicial proceeding, or advising a detective in an investigation. On the Office's documents it was the latter. No charging document existed, the application was the detective's, it sought a search in an open investigation, and the notation records approval given to the detective before anything reached a court. The Ninth Circuit draws the line by asking whether the approval served a pending prosecution or an open investigation: "approving a search warrant to assist with a collateral investigation into new crimes is an investigative function that is not entitled to absolute immunity." KRL, 384 F.3d at 1113–14 (distinguishing warrants for crimes already charged, id. at 1112). Here no crime had been charged; the complaint came a month later and was approved by someone else. (Ex. 5.) Yarris, on which prosecutors ordinarily rely, turned on exactly this question of timing. Although the complaint there "d[id] not describe in detail when or how" the prosecutors obtained an informant's statement, its allegations "indicate[d] that the ADAs' involvement . . . occurred after Yarris's prosecution for those crimes had begun," and immunity attached. Yarris v. Cnty. of Delaware, 465 F.3d 129, 139 (3d Cir. 2006). The Office's documents place Corrigan's approval before any charge at all. Corrigan may contend that the approval was advocacy. That is a contention for a record, not a ground for dismissal.

Third, collecting material about Plaintiff before the pending charges. In the months before CP-51-CR-0004295-2026 existed, material about Plaintiff was routed to Corrigan from the Office's investigators, from another unit chief, and from a judge's law clerk: a detective's email attaching a transcript from Plaintiff's divorce case (Ex. 7); three forwards from the chief of

the Municipal Court Unit about Plaintiff and his cases, one of them concerning the custody case (Ex. 8); and, on December 24, an email forwarded by a judge's law clerk about five minutes after its time stamp (Ex. 6). Plaintiff does not rest on receipt alone. He will allege direction: the detective acted at Corrigan's request and reported back to him (Ex. 7), and the material then flowed to Corrigan in the months before the pending charges. To the extent he directed or took part in gathering evidence at that stage, that is investigation, not advocacy. Buckley, 509 U.S. at 273–74; Kulwicki, 969 F.2d at 1463–65. What he did with those materials is a matter for discovery, not an assumption in his favor.

Plaintiff does not ask the Court to hold now that any particular act was investigative. That Corrigan was assigned the recording case does not make each act he took in it advocacy; immunity attaches to the function of the act, not to the assignment. Buckley, 509 U.S. at 268–69, 273–74. He asks the Court to apply the rule: absolute immunity is established act by act, on a record, by the prosecutor. Corrigan has not carried that burden, and on this complaint he cannot.

**C. The supervisory role the motion says is missing.**

The motion also says Plaintiff makes no statements "involving any DAO employees who are under Defendant Corrigan's supervision." (ECF 33 at 9.) The Office's documents point to them: the detective who took Corrigan's direction and reported back to him (Ex. 7), and the Special Investigations Unit, which Corrigan headed by September 2025, whose assistant district attorney told Plaintiff in July 2025, copying that detective, that he was "under criminal investigation" (Ex. 10). The Unit's own audit trail directs defense counsel in the recording case to "ADA Vini Corrigan." (Ex. 11 at 18–19.) In September 2025 Corrigan wrote that "Brett has moved onto MC" and that he was "handling the case for now." (Ex. 7.) A supervisor is personally liable under § 1983 if he "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his

subordinates' violations." A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004). Van de Kamp does not change that. It reaches only an "administrative obligation . . . directly connected with the conduct of a trial." Van de Kamp v. Goldstein, 555 U.S. 335, 344 (2009). Supervising a detective's evidence-gathering is not that, and the direction here concerned uncharged conduct, not the conduct of a trial. Administrative acts of a prosecutor, as distinct from advocacy, are not absolutely protected. Odd, 538 F.3d at 211–14; Schneyder, 653 F.3d at 334. The amended complaint will plead these facts.

**D. Act, right, and injury: what the amended complaint will plead against Corrigan.**

The motion also argues, apart from immunity, that the complaint states no claim against Corrigan because it connects him to nothing but the January 13 motion. (ECF 33 at 9–10.) That is a pleading objection, and the amendment answers it. The amended complaint will connect each act of Corrigan's that it relies on to the right violated and to the injury that followed, and it will rest on acts outside the advocate's role.

The search of Plaintiff's phone. The act is the July 1, 2025 approval of a detective's application to search a phone that had been held since June 18. (Ex. 4 at 1–2.) The right is the Fourth Amendment's protection against unreasonable searches, which applies with particular force to a cell phone, a device that holds "the privacies of life." Riley v. California, 573 U.S. 373, 403 (2014). The injury is the search itself: the application sought "active files, deleted files, system files, and application data" (Ex. 4 at 1), while its affidavit described information that "pertains to" recording a proceeding (id. at 3). The amended complaint will plead the scope of the search and Corrigan's role in approving it. Advice to the police at that stage is not absolutely immune, Burns, 500 U.S. at 492–96, and the motion does not assert qualified immunity—a defense that the official must plead. Gomez v. Toledo, 446 U.S. 635, 640 (1980).

The February 2026 arrest. The complaint that led to Plaintiff's February 2026 arrest—the third arrest the motion itself describes (ECF 33 at 4)—states that Corrigan approved it. (Ex. 1.) Plaintiff does not seek damages for that approval; it is a charging decision. The amended complaint will instead plead the investigative steps that came before it: the September 2025 direction to the detective, whose report the Office later produced as discovery in that very case (Ex. 7), and the material about Plaintiff routed to Corrigan through the fall, including the December 24 email he received before the time the arrest report lists as reported (Exs. 6, 8, 12). Whether Corrigan gave the police probable-cause advice or directed evidence-gathering before that charge is a question of function that the Office's records raise and that only discovery can answer. Kulwicki, 969 F.2d at 1464–65; Burns, 500 U.S. at 492–96. The amended complaint will plead that connection, on information and belief where the facts are within the Office's possession.

The earlier arrests. The recording case was charged on a complaint approved by a different prosecutor (Ex. 5), after a search whose application bears a notation of Corrigan's approval (Ex. 4). The amended complaint will plead Corrigan's role in each arrest as the Office's records show it.

**III. Counts II and V: the gaps are curable, and dismissal with prejudice would be error.**

Corrigan argues that Counts II and V do not describe his personal involvement. (ECF 33 at 9–10.) Count II is addressed in Part II.D and Count V in Part IV. The amended complaint will plead both against him, with dates and sources.

The motion nonetheless asks for dismissal with prejudice of a pro se litigant's first complaint, on what is at most a curable pleading deficiency. The Third Circuit does not permit that result. A court dismissing a civil-rights complaint for failure to state a claim must allow a curative amendment unless amendment would be inequitable or futile, even if the plaintiff does

not ask. Phillips, 515 F.3d at 236; Grayson, 293 F.3d at 108. The motion makes no showing of futility. It does not address what an amended complaint drawn from the Office's own records would allege, and it offers "supplemental briefing" on anything it "may have overlooked" in the 74-page complaint. (ECF 33 at 11.) Amendment is especially warranted here. The facts that answer the motion were in the Office's possession, and the unredacted September 23 thread is in the Office's September 14, 2026 production. "Several Courts of Appeals accept allegations 'on information and belief' when the facts at issue are peculiarly within the defendant's possession." Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 107 n.31 (3d Cir. 2015) (collecting cases). And Plaintiff will not rely on the approval of any complaint: his claims against Corrigan will rest on the July 1, 2025 approval, the September 2025 direction, and what followed. If the Court finds any count insufficient as pleaded, the remedy is leave to amend, not dismissal with prejudice.

**IV. Counts IV and V: the disclosure claims cannot be dismissed on this record, and never with prejudice.**

The motion argues that a document filed in court and served on defense counsel cannot have been suppressed, citing New York v. Hill, 528 U.S. 110, 115 (2000). Hill held that defense counsel may agree to a trial date outside the time limits of the Interstate Agreement on Detainers; it does not address disclosure obligations. Plaintiff acknowledges that the January 13, 2026 motion was served on his then-counsel. (Ex. 9.) But the motion's own account is that Plaintiff did not learn of it "until moments before his February 2026 arrest, twenty days later." (ECF 33 at 5.) Whether information that reached the defendant that way was timely disclosed is a question of fact, not a pleading defect.

Nor is disclosure categorically advocacy. Prosecutors are immune for disclosure decisions made "while functioning in their prosecutorial capacity." Yarris, 465 F.3d at 137. But a

disclosure duty that is "neither discretionary nor advocative" is "a purely administrative act not entitled to the shield of immunity." Schneyder, 653 F.3d at 334. Which of those describes Corrigan's conduct is a question of function that the face of the complaint does not answer in his favor. Fogle, 957 F.3d at 159–64.

Count V concerns the Office's nondisclosure of a conflict: that an assistant district attorney in the unit that handles PFA contempt charges is the daughter of the judge who issued the predicate order in the case now docketed as CP-51-CR-0004295-2026. (ECF 33 at 10.) The motion says the complaint does not allege that Corrigan knew of the relationship or had a duty to disclose it. (Id.) That is a pleading point, and it is curable. Corrigan approved the complaint in that case (Ex. 1), and his Office describes him as "the assigned prosecutor in Plaintiff's cases" (ECF 33 at 5). The amended complaint will plead his knowledge and his duty, on information and belief where the facts are within the Office's possession. Lincoln Benefit, 800 F.3d at 107 n.31.

If the Court concludes that either disclosure claim is premature while the prosecutions are pending, the remedy is a stay until they end, Wallace, 549 U.S. at 393–94; Deakins, 484 U.S. at 202, or at most a dismissal without prejudice—not a dismissal with prejudice. Discovery is also far from complete. On July 13, 2026, appointed counsel in MC-51-CR-0000640-2026, a separate docket, wrote to Corrigan, copying Plaintiff, that she "was never served discovery." (Ex. 3.)

**CONCLUSION**

Corrigan seeks dismissal with prejudice. That is not available. Plaintiff will amend as of right by October 5, 2026, and the amended complaint will supersede the pleading this motion attacks. If the Court reaches it, Younger permits at most a stay of the damages claims. Absolute immunity must appear on the face of the complaint, act by act, and it does not. The Office's own files show its Special Investigations Unit chief directing a detective to "document what, exactly

Ferrari was doing"; a search-warrant application for a seized phone, bearing a notation of his approval, a month before any complaint; and messages about Plaintiff reaching him from a unit chief and from a judge's chambers before the pending charges. Absolute immunity is a defense that a prosecutor must prove, act by act.

The motion should be denied. In the alternative, Plaintiff respectfully requests that the Court (1) deny the motion without prejudice to its renewal against the amended complaint that Plaintiff will file as of right on or before October 5, 2026, or grant leave to amend within 21 days, consistent with ECF 21; (2) stay, rather than dismiss, any damages claim to which Younger is found to apply; and (3) dismiss no claim with prejudice.

Respectfully submitted,

s/ Chad Mark Franco Ferrari
Chad Mark Franco Ferrari, Plaintiff, pro se
1119 Wallace Street, 1st Floor, Philadelphia, PA 19123
chadferrari@me.com
Dated: September 28, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

## CERTIFICATE OF SERVICE

I certify that on September 28, 2026, I submitted the foregoing memorandum, with its proposed order, declaration, and exhibits, to the Clerk of Court for filing. Counsel of record who are registered users of the Court's electronic-filing system—Steven A. Nelson, Esquire, and any other counsel of record for Defendant Vincent Corrigan, Philadelphia District Attorney's Office; and Dean E. Weisgold, Esquire, counsel for Defendant Richard Williamson—will be served through that system when the filing is docketed. Fed. R. Civ. P. 5(b)(2)(E). On the same date I also sent a copy by email to Mr. Nelson (steven.nelson@phila.gov) and Mr. Weisgold (dean@weisgoldlaw.com).

s/ Chad Mark Franco Ferrari
Chad Mark Franco Ferrari
Dated: September 28, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

**[PROPOSED] ORDER**

AND NOW, this ____ day of ______________, 2026, upon consideration of the Motion to Dismiss filed on behalf of Defendant Vincent Corrigan (ECF 33) and Plaintiff's opposition, it is ORDERED that the motion is DENIED.

IN THE ALTERNATIVE, and only to the extent the motion is not denied, it is ORDERED that:

(1) the motion is DENIED WITHOUT PREJUDICE to its renewal, if appropriate, in response to the amended complaint that Plaintiff may file as of right on or before October 5, 2026; or, if that period has passed, Plaintiff is GRANTED LEAVE to file an amended complaint within twenty-one (21) days of this Order;

(2) any claim for damages against Defendant Corrigan as to which abstention is found to apply is STAYED, not dismissed, pending resolution of the state prosecutions; and

(3) no claim against Defendant Corrigan is dismissed with prejudice.

BY THE COURT:

______________________________
GAIL A. WEILHEIMER, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

**DECLARATION OF CHAD MARK FRANCO FERRARI REGARDING EXHIBITS**

1. I am the Plaintiff. I make this declaration on personal knowledge, to identify the exhibits to my memorandum in opposition to ECF 33 and to state when I first learned of the matter described in paragraph 5.

2. Exhibits 2 and 3 reproduce, verbatim, emails I received at chadferrari@me.com on July 13, 2026. I have preserved the native messages.

3. Exhibits 1 and 4 through 12 are true and correct copies, or excerpts where stated, of documents provided to me by the Philadelphia District Attorney's Office in discovery in my criminal matters, or filed in those matters. Exhibit 7 reproduces the text of a native email message (Outlook Message-ID BY3PR09MB878675E9B55FF50B883B9890C41FA@BY3PR09MB8786.namprd09.prod.outlook.com) contained in the Office's September 14, 2026 production for DC No. 25-09-147368; I have preserved the native file and will make it available on request. The exhibit shows the messages in chronological order, shows repeated signature blocks once, and omits the body of one message, as it states. Attachment A to Exhibit 7 reproduces pages 2 and 3 of a version of the same thread, contained in the Office's production, in which those pages are redacted; I have not altered the redactions.

4. I added the yellow highlighting to the exhibits, and I redacted my date of birth, cell-phone numbers, one IP address, and one web address. Where a page is cropped or a message body is omitted, the exhibit so states. By identifying these documents as the Office produced them, I do not adopt or concede the truth of their contents.

5. I first learned of ADA Vincent Corrigan's involvement in my cases on February 2, 2026.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746. Executed on September 28, 2026, at Philadelphia, Pennsylvania.

Chad Mark Franco Ferrari
1119 Wallace Street, 1st Floor, Philadelphia, PA 19123
(215) 483-1985 | chadferrari@me.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

## INDEX OF EXHIBITS

Exhibit 1 — Criminal Complaint, Commonwealth v. Ferrari, DC# 25-09-147368, MC-51-CR-0001972-2026 (now CP-51-CR-0004295-2026), sworn January 30, 2026, page 1 (excerpt)

Exhibit 2 — Emails of ADA Vincent Corrigan to Plaintiff, July 13, 2026 (1:13, 2:15, and 2:47 p.m. EDT)

Exhibit 3 — Email of Denita C. Latta, Esquire, to ADA Vincent Corrigan, copied to Plaintiff, July 13, 2026 (1:31 p.m. EDT)

Exhibit 4 — Application for Search Warrant and Affidavit of Probable Cause, Warrant Control No. 25-71-000056(A), pages 1–3 (date of birth redacted under Fed. R. Civ. P. 5.2)

Exhibit 5 — Criminal Complaint, Commonwealth v. Ferrari, DC# 25-71-000056, sworn August 1, 2025, page 1

Exhibit 6 — Email of Margaret Tobey to Vincent Corrigan, December 24, 2025, 10:25:44 a.m. — header, forwarding note, and header of forwarded message (body omitted)

Exhibit 7 — Email thread "Comm v Ferrari" between ADA Vincent Corrigan and Detective Daniel F. Leonard, September 23–25, 2025, as produced by the District Attorney's Office in discovery in CP-51-CR-0004295-2026 — text of the native message, in chronological order, with repeated signature blocks shown once (body of the September 25, 2:27 p.m. summary and its attachment omitted; cell numbers redacted); Attachment A: pages 2–3 of a redacted copy of the same thread contained in the Office's production

Exhibit 8 — Emails of Brett A. Zakeosian to Vincent Corrigan, October 31, 2025 (1:00 p.m.), November 14, 2025 (11:34 a.m.), and December 3, 2025 (9:03 a.m.) — headers, notes, and signature blocks (forwarded messages omitted; cell number redacted)

Exhibit 9 — Commonwealth's Motion to Appoint an Out-of-County Judge, MC-51-CR-0015343-2025, January 13, 2026 — first page and Certification of Service (remaining pages omitted)

Exhibit 10 — Email of ADA Brett A. Zakeosian, Special Investigations Unit, to Plaintiff, copied to Detective Daniel F. Leonard, July 17, 2025, 1:55 p.m.

Exhibit 11 — Axon Evidence.com Case Audit Trail, Dept. "Philadelphia DA - SIU," Case ID 25-71-000056, generated June 5, 2026, pages 1, 6, 18, 19, and 20 (page 1 header and upper part of page 18 shown; one IP address and one web address redacted), as produced by the District Attorney's Office

Exhibit 12 — Philadelphia Police Department Arrest Report, DC No. 25-09-147368, excerpt (case identifiers and occurrence and report times; remainder omitted)



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

# EXHIBIT 1

Criminal Complaint, Commonwealth v. Ferrari, DC# 25-09-147368, MC-51-CR-0001972-2026 (now CP-51-CR-0004295-2026), sworn January 30, 2026, page 1 (excerpt)

*Excerpt of page 1 as produced: header, accusation and date lines, and approval line. The charges and the remainder of the page are omitted; highlighting added.*

**COMMONWEALTH OF PENNSYLVANIA**
**PHILADELPHIA COUNTY**

*PARS*
DC#: 25-09-147368
Dckt/MC#: MC51-CR-0001972-2026
Date: Jan 30,2026
Complaint: COM-0000348-2026

(1) My name is: THOMAS FLEMING THOMAS Central Detective Division
(2) I accuse CHAD FERRARI
who lives at 1119 Wallace ST Philadelphia, PA 19123
with violating the Penal Laws of Pennsylvania on or about Wednesday, December 24, 2025
in the county of Philadelphia.

(4) I ask that a warrant of arrest or a summons be issued and that the accused be required to answer the charges I have made. This complaint has been reviewed and approved by A.D.A. VINCENT CORRIGAN

On 01/30/2026 , the above named affiant swore or affirmed that the facts set forth in the complaint were true and correct to the best of his/her knowledge, information and belief, and signed it in my presence. I believe the within affiant to be a responsible person and that there is probable cause for the issuance of process.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

# EXHIBIT 2

Emails of ADA Vincent Corrigan to Plaintiff, July 13, 2026 (1:13, 2:15, and 2:47 p.m. EDT)

*Email as received by Plaintiff, reproduced verbatim from his email records (Gmail message ID 19f5c781e1f3339e). Quoted earlier messages omitted; errors in original. The native message is available for inspection.*

From: Vincent Corrigan <Vincent.Corrigan@phila.gov>
To: chadferrari@me.com
Cc: william.wichert@courts.phila.gov; Jeffrey.Sprecher@berks.gov; jr.deiley@courts.phila.gov; Wendy.Daniels@courts.phila.gov; Angela.Russell@courts.phila.gov; James.Figueiredo@courts.phila.gov; Kristin.Gidaro@courts.phila.gov; james.bozarth@courts.phila.gov; Byron.Hardman@phila.gov; scott@scottsigman.com; Najah.Davis@courts.phila.gov; aisha@peruto.com; denita@lattalaw.org; marco.capone@courts.phila.gov; ferraritribunal@gmail.com
Date: Monday, July 13, 2026, 1:13 p.m. EDT
Subject: Re: Com v. Chad Ferrari MC 15343-2025 , MC 00640-2026, MC 01972-2026

Sir,

The matter in Family Court, involving the PFA, MC-51-CR-000040-2026 scheduled tomorrow, July 14, is NOT under the jurisdiction of Judge Sprecher. Mr. Sigman is not appointed in that matter. The PFA matter is NOT covered by this request, and you must still appear in Family Court tomorrow.

The arrangements made here are only for CP-51-CR-000 4295-2026, scheduled for arraignment today, 7/13/26, and MC-51-CR-0015343-2027, scheduled for trial 7/17/26, they will be rescheduled to new dates that will be determined next week.

Vincent Corrigan

Chief Special Investigations Unit

Philadelphia District Attorney's Office

*Email as received by Plaintiff, reproduced verbatim from his email records (Gmail message ID 19f5cb0bcec91105). Quoted earlier messages omitted; errors in original. The native message is available for inspection.*

From: Vincent Corrigan <Vincent.Corrigan@phila.gov>
To: chadferrari@me.com
Cc: william.wichert@courts.phila.gov; Jeffrey.Sprecher@berks.gov; jr.deiley@courts.phila.gov; Wendy.Daniels@courts.phila.gov; Angela.Russell@courts.phila.gov; James.Figueiredo@courts.phila.gov; Kristin.Gidaro@courts.phila.gov; james.bozarth@courts.phila.gov; Byron.Hardman@phila.gov; scott@scottsigman.com; Najah.Davis@courts.phila.gov; aisha@peruto.com; denita@lattalaw.org; marco.capone@courts.phila.gov; ferraritribunal@gmail.com; william.riley@courts.phila.gov; will.riley@courts.phila.gov
Date: Monday, July 13, 2026, 2:15 p.m. EDT
Subject: Re: Com v. Chad Ferrari MC 15343-2025 , MC 00640-2026, MC 01972-2026

Mr. Ferrari,

Once again, I have nothing to do with the Family Court matter and absolutely no authority to grant requests to continue cases. Requests to continue the trial scheduled in 6G on July 14, should be communicated to the presiding Judge for MC-51-CR-0000640-2026, that judge is currently Judge Mallios. Only Judge Mallios has the authority to grant your request for a continuance. Judge Mallios may well require proof of your medical claims and may issue a warrant for your arrest if you do not appear.

Vincent Corrigan

Chief Special Investigations Unit

Philadelphia District Attorney's Office

*Email as received by Plaintiff, reproduced verbatim from his email records (Gmail message ID 19f5cce26d7e3eb5). Quoted earlier messages omitted; errors in original. The native message is available for inspection.*

From: Vincent Corrigan <Vincent.Corrigan@phila.gov>
To: chadferrari@me.com; william.riley@courts.phila.gov; will.riley@courts.phila.gov
Cc: scott@scottsigman.com; aisha@peruto.com; denita@lattalaw.org; marco.capone@courts.phila.gov; ferraritribunal@gmail.com
Date: Monday, July 13, 2026, 2:47 p.m. EDT
Subject: Re: Com v. Chad Ferrari MC 15343-2025 , MC 00640-2026, MC 01972-2026

As far as I am aware Mr. Ferrari does not have retained counsel in any of his open matters. He has filed several in forma pauperis motions to obtain appointed counsel and waive filing fees. Scott Sigman is appointed in his criminal matters at the CJC as back up counsel while Mr. Ferrari proceeds pro se.

Respectfully

Vincent Corrigan

Chief Special Investigations Unit

Philadelphia District Attorney's Office

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

# EXHIBIT 3

Email of Denita C. Latta, Esquire, to ADA Vincent Corrigan, copied to Plaintiff, July 13, 2026 (1:31 p.m. EDT)

*Email as received by Plaintiff, reproduced verbatim from his email records (Gmail message ID 19f5c8918f5085d1). Quoted earlier messages omitted; errors in original. The native message is available for inspection.*

From: Denita C. Latta <denita@lattalaw.org>
To: Vincent.Corrigan@phila.gov
Cc: chadferrari@me.com; william.wichert@courts.phila.gov; Jeffrey.Sprecher@berks.gov; jr.deiley@courts.phila.gov; Wendy.Daniels@courts.phila.gov; Angela.Russell@courts.phila.gov; James.Figueiredo@courts.phila.gov; Kristin.Gidaro@courts.phila.gov; james.bozarth@courts.phila.gov; Byron.Hardman@phila.gov; scott@scottsigman.com; Najah.Davis@courts.phila.gov; aisha@peruto.com; marco.capone@courts.phila.gov; ferraritribunal@gmail.com
Date: Monday, July 13, 2026, 1:31 p.m. EDT
Subject: Re: Com v. Chad Ferrari MC 15343-2025 , MC 00640-2026, MC 01972-2026

Good Afternoon,

I was court-appointed to docket MC-640-2026. That matter is listed in 6G tomorrow. I was approved for removal during a prior Zoom meeting. Notably, I was not present for the Zoom meeting but was informed by a reliable source. I was never served discovery, so I am not seeking compensation. I simply wish to be removed. I can appear in the morning for status if necessary. Thank you for your time and attention.

Respectfully,

Denita C. Latta, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

# EXHIBIT 4

Application for Search Warrant and Affidavit of Probable Cause, Warrant Control No. 25-71-000056(A), pages 1–3 (date of birth redacted under Fed. R. Civ. P. 5.2)

**Commonwealth of Pennsylvania**

**COUNTY OF Philadelphia**

**APPLICATION FOR SEARCH WARRANT AND AUTHORIZATION**

| Docket Number (Issuing Authority): | Police Incident Number: 25-71-000056 | Warrant Control Number: 25-71-000056(A) |
|---|---|---|

| Det. Daniel Leonard #117 | Philadelphia District Attorney's Office | 215-686-5760 | 07/02/25 |
|---|---|---|---|
| AFFIANT NAME | AGENCY | PHONE NUMBER | DATE OF APPLICATION |

IDENTIFY ITEMS TO BE SEARCHED FOR AND SEIZED (Be as specific as possible):
Full File System Extraction (FFS) including all data stored on mobile devices, including active files, deleted files, system files, and application data.

SPECIFIC DESCRIPTION OF PREMISES AND/OR PERSON TO BE SEARCHED (Street and No., Apt. No., Vehicle, Safe Deposit Box, etc.):
(1) Black iPhone recovered from Philadelphia Family Court room 6F.

NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PREMISES TO BE SEARCHED (If proper name is unknown, give alias and/or description):
Chad Ferrari (DOB: [redacted]981)

VIOLATION OF (Describe conduct or specify statute):
18 Pa. C.S.A. § 5103.1(a) Unlawful Use of an Audio or Video Device in Court

DATE(S) OF VIOLATION:
06/18/2025

☒ *Warrant Application Approved by District Attorney – DA File No.* GVTF
(If DA approval required per Pa.R.Crim.P. 202(A) with assigned File No. per Pa.R.Crim.P. 507)
☐ *Additional Pages Attached (Other than Affidavit of Probable Cause)*
☒ *Probable Cause Affidavit(s) MUST be attached (unless sealed below)* *Total number of pages:* 3

TOTAL NUMBER OF PAGES IS SUM OF ALL APPLICATION, PROBABLE CAUSE AND CONTINUATION PAGES EVEN IF ANY OF THE PAGES ARE SEALED

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that there is probable cause to believe that certain property is evidence of or the fruit of a crime or is contraband or is unlawfully possessed or is otherwise subject to seizure, and is located at the particular premises or in the possession of the particular person as described above.

Daniel Leonard — Philadelphia District Attorney's Office — #117
Signature of Affiant — Agency or Address if private Affiant — Badge Number

Sworn to and subscribed before me this 2nd day of July, 2025 Mag. Dist. No.:
[signature] 1301 Filbert St #1221 Phila (SEAL)
Signature of Issuing Authority — Office Address

**SEARCH WARRANT**
TO LAW ENFORCEMENT OFFICER:

WHEREAS, facts have been sworn to or affirmed before me by written affidavit(s) attached hereto from which I have found probable cause, I do authorize you to search the premises or person described, and to seize, secure, inventory and make return according to the Pennsylvania Rules of Criminal Procedure.

☒ This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than:*

☐ This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than:**

________ M, o'clock ________, ________.

* *The issuing authority should specify a date not later than two (2) days after issuance. Pa.R.Crim.P. 205(4).*
** *If the issuing authority finds reasonable cause for issuing a nighttime warrant on the basis of additional reasonable cause set forth in the accompanying affidavit(s) and wishes to issue a nighttime warrant, then this block shall be checked. Pa.R.Crim.P. 206(7).*

Issued under my hand this 2nd day of July, 2025 at 9:30 A M, o'clock. (SEAL)

Signature of Issuing Authority — Mag. Dist. or Judicial Dist. No. — Date Commission Expires:

Title of Issuing Authority: ☐ District Justice ☐ Common Pleas Judge ☐

☐ *For good cause stated in the affidavit(s) the Search Warrant Affidavit(s) are sealed for ___ days by my certification and signature. (Pa.R.Crim.P. 211)*

**Signature of Issuing Authority** (Judge of the Court of Common Pleas or Appellate Court Justice or Judge). (Date) (SEAL)

AOPC 410A-04

Approved by ADA Carricato 7/1/25 @ 2:19 pm

FIRST JUDICIAL DISTRICT OF PA — OFFICE OF JUDICIAL RECORDS (SEAL)

**Commonwealth of Pennsylvania**

**COUNTY OF Philadelphia**

**AFFIDAVIT OF PROBABLE CAUSE**

| Docket Number (Issuing Authority): District Attorneys Off. | Police Incident Number: 25-71-000056 | Warrant Control Number: 25-71-000056(A) |
|---|---|---|

*PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:*

Your Affiant is Philadelphia County Detective Daniel Leonard #117, currently assigned to the Philadelphia District Attorney's Office—Investigations Division. The affiant has been a sworn law enforcement officer since March 4, 2016. In 2022, your affiant was promoted to Detective and assigned to the Northeast Detective Division ("NEDD"). In 2023, your affiant was then assigned to the Philadelphia District Attorney's Office. During that time your affiant has had the opportunity to investigate 2umerous violations of the Pennsylvania Crimes Code and testified in those prosecutions. Your affiant has also successfully completed the Class "A" Wiretapping and Electronic Surveillance Training and Certification program on 12/13/2024.

Based upon the below facts, your affiant submits that there is probable cause for the search via forensic extraction of an Apple iPhone seized from Chad FERRARI (DOB: [redacted]/1981, 924 New Market St., Unit B, Philadelphia, PA 19123).

On June 18, 2025, your affiant became aware of an incident involving the possible recording of a proceeding in custody case no.: 0C2402084, Julie Ferrari vs. Chad Ferrari, in courtroom 6F at Family Court, 1501 Arch St., Philadelphia, PA 19102. Upon arrival, Judge Daniel R. Sulman provided your affiant with the name, date of birth (Chad FERRARI, DOB: [redacted]/1981), and social security number of the offender, who was no longer on location. Judge Sulman also provided your affiant with the seized black iPhone, which your affiant later placed on property receipt no. 3661167. Your affiant then transported the iPhone to the Philadelphia District Attorney's Office Gun Violence Task Force (GVTF), where the phone was to be held securely in preparation for extraction after approval of a search warrant.

On June 20, 2025 your affiant returned to Family Court, room 6F to interview witnesses. Judge Sulman stated to your affiant that FERRARRI was a party to a custody hearing before him when court officer Amber Reid approached the bench with a post-it note stating, "I think this guy is recording…should I take his phone." Judge Sulman responded "Yes." The phone was brought to Judge Sulman's bench where it sat for a brief period before it was brought back to the robing room and locked in a drawer awaiting law enforcement arrival. Judge Sulman stated court officer Amber Reid reported that she believed she saw the phone recording and that it had reached the 31:00-minute mark on the recording phone application display screen.

On July 1, 2025 your affiant interviewed court officer Amber Reid at Family Court. Ms. Reid states part of her duties as court officer include ensuring phones are turned off and not in use during court proceedings. Ms. Reid states on 6/18/2025 she saw FERRARI's cell phone sitting face down on his party table and had previously been under papers and out of view. Ms. Reid stated she asked Judge Sulman if it was ok if she checked his phone, and was then given permission to do so. After Ms. Reid asked if his phone was on, FERRARI reportedly picked up the phone which allowed Ms. Reid to see that it was on. Ms. Reid told him that he must turn over his phone. Ms. Reid then states she saw that the phone was audio recording and the phone recording application display showed that the phone was at either the 21 or 31 minute mark of recording. Ms. Reid then states she went to the hallway to summon a sheriff. She found Deputy Sheriff Amir Khan who came to room 6F, took the phone from FERRARI, and placed it on Judge Sulman's bench.

Your affiant interviewed Deputy Sheriff Khan #709 on July 1, 2025 at Family Court. Deputy Sheriff Khan states he was on patrol on the 6th floor of Family Court when court officer Amber Reid approached and informed that one of the parties to an ongoing case was recording the proceeding. Deputy Sheriff Khan said

AOPC 410B-10-24-66

when he entered room 6F there was a "phone on the table where the plaintiffs and defendants sit. He [FERRARI] was sitting on the left with no attorney. The judge said 'pass it to me", so I gave the judge the phone." Deputy Sheriff Khan passed the phone with an attached credit card on top. After FERRARI asked about the return of the credit card, Judge Sulman gave the card to the court officer to return to him. Deputy Sheriff Khan stated after the judge took possession of the phone, the proceeding was stopped and all parties then left.

Your affiant knows through training and experience that the majority of people in modern society carry mobile phones with them at all times and most communication is done through cellular devices including text, calls, email, mapping, social media, and that pictures and videos can store location. Your affiant also knows that these devices provide internet web browsers, instant messaging capabilities, chat programs, and email access capabilities. These devices are capable of storing address books and calendars as well as audio and video clips, call histories, call logs, photographs, text and records messages both sent and received. These devices also maintain owner/possessor information. Modern cellular devices are now equipped with high-resolution cameras capable of capturing still images and streaming images (video). These devices also contain Global Positing Systems (GPS) that record data about the historical movement of the device as well as provide potential information of where still photographs, audio files and videos are recorded.

Your affiant is requesting a search warrant to conduct a physical/forensic examination and extraction of the cellular device recovered from FERRARI to look for any and all identifying information associated with subject phone including serial number, IMEI number, as well as including all call detail records (including phone numbers, subscriber information, and call duration for incoming and outgoing calls and call logs), any communications contained on that phone (including text messages, social media messaging, emails, and voicemails); all other phone identifying information; all stored videos, audio files or pictures; all stored e-mails; email account information; all contact information; all notes or stored document; any data indicating the location of that phone, geolocations; phone numbers and cell phone carrier information utilized by the Subject phone, internet history/activity, and social media history/activity. In summary, the affiant is requesting to search these devices for all available information as it pertains to the use of a device to capture, record, transmit or broadcast any photograph, video, motion picture, or audio of a proceeding or person within a judicial facility without the approval of the court.

Based upon the facts and circumstances described above, your affiant submits that there is sufficient probable cause to search and extract the contents of the cellular device recovered from FERRARI on June 18, 2025.

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

| #417 | 7/2/25 | | 7/2/25 | (SEAL) |
|---|---|---|---|---|
| Affiant Signature | Date | Issuing Authority Signature | Date | |

Page 2 of 2 Pages

FIRST JUDICIAL DISTRICT OF PA ★ OFFICE OF JUDICIAL RECORDS ★ COMMONWEALTH OF PENNSYLVANIA

AOPC 410B-10-24-85

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

# EXHIBIT 5

Criminal Complaint, Commonwealth v. Ferrari, DC# 25-71-000056, sworn August 1, 2025, page 1

PARS
DC#: 25-71-000056
Dckt/MC#:
Date: Aug 01,2025
Complaint: COM-0003938-2025

**COMMONWEALTH OF PENNSYLVANIA**
**PHILADELPHIA COUNTY**

**Criminal Complaint** *Misdemeanor* Original

***COMMONWEALTH OF PENNSYLVANIA VS.* CHAD FERRARI**

I, the undersigned, do hereby state under oath or affirmation:

(1) My name is: **DANIEL LEONARD DANIEL District Attorney**

(2) I accuse **CHAD FERRARI**

who lives at **924 NEW MARKET ST Apt. APT B Philadelphia, PA 19123**

with violating the Penal Laws of Pennsylvania on or about **Wednesday, June 18, 2025**

in the county of Philadelphia.

(3) The acts committed by the accused were:

ON OR AROUND JUNE 18 2025 IN THE AREA OF 1501 ARCH STREET IN THE CITY AND COUNTY OF PHILADELPHIA THE DEFENDANT USED OR OPERATED A DEVICE TO CAPTURE, RECORD, TRANSMIT OR BROADCAST A PHOTOGRAPH, VIDEO, MOTION PICTURE OR AUDIO OF A PROCEEDING OR PERSON WITHIN A JUDICIAL FACILITY OR IN AN AREA ADJACENT TO OR IMMEDIATELY SURROUNDING A JUDICIAL FACILITY WITHOUT THE APPROVAL OF THE COURT

In violation of Pennsylvania Penal Laws, section(s) and title(s)

**CHARGES:**

| Code | Grade | Description | Counts |
|---|---|---|---|
| CC5103-1 | M2 | RECORDING IN COURT | 001 |

All of which is against the peace and dignity of the Commonwealth of Pennsylvania

(4) I ask that a warrant of arrest or a summons be issued and that the accused be required to answer the charges I have made. This complaint has been reviewed and approved by A.D.A. COREY GRABLE

(5) I swear to or affirm the within complaint upon my knowledge, information and belief, and sign it on ________ before Philadelphia Municipal Court Judge/Arraignment Court Magistrate.

M. R. [signature]
Signature of Arraignment Court Magistrate.

[signature]
Signature of Affiant

*Commonwealth's Representative: "I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents."*

On 08/01/2025 , the above named affiant swore or affirmed that the facts set forth in the complaint were true and correct to the best of his/her knowledge, information and belief, and signed it in my presence. I believe the within affiant to be a responsible person and that there is probable cause for the issuance of process.

M. R. [signature]

CHAD FERRARI DC#: 2571000056 Page 1 of 1 Printed: 08/12/2025 03:47 PM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

# EXHIBIT 6

Email of Margaret Tobey to Vincent Corrigan, December 24, 2025, 10:25:44 a.m. — header, forwarding note, and header of forwarded message (body omitted)

*Excerpt: message header, forwarding note, and header of the forwarded message, cropped from the document as produced. The body of the forwarded message, which is the subject of a pending prosecution, is omitted. The sender attribution shown is as it appears in the produced document; Plaintiff does not adopt it.*

**From:** Tobey, Margaret <margaret.tobey@courts.phila.gov>
**Sent:** Wednesday, December 24, 2025 10:25:44 AM
**To:** Vincent Corrigan <Vincent.Corrigan@Phila.gov>
**Subject:** FW: Christmas Eve and Christmas Day custody schedule

**External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

Hi, Vini:

We just received this from Mr. Ferrari.

Best,

**Margaret "Meg" Tobey, J.D.**
Law Clerk to the Hon. Daniel R. Sulman
Philadelphia Family Court
1501 Arch Street – Suite 1417
Philadelphia, PA 19102
Phone: (215) 686-7912
Fax: (215) 686-4010
margaret.tobey@courts.phila.gov

**From:** CHAD FERRARI <chadferrari@me.com>
**Sent:** Wednesday, December 24, 2025 10:20 AM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

# EXHIBIT 7

Email thread "Comm v Ferrari" between ADA Vincent Corrigan and Detective Daniel F. Leonard, September 23–25, 2025, as produced by the District Attorney's Office in discovery in CP-51-CR-0004295-2026 — text of the native message, in chronological order, with repeated signature blocks shown once (body of the September 25, 2:27 p.m. summary and its attachment omitted; cell numbers redacted); Attachment A: pages 2–3 of a redacted copy of the same thread contained in the Office's production

*Reproduced verbatim, in chronological order, from the native email message produced by the District Attorney's Office (DC No. 25-09-147368, September 14, 2026 production). Signature blocks are shown once each; cell-phone numbers are redacted. The body of the September 25, 2:27 p.m. summary and its attachment are omitted. Errors in original.*

From: Vincent Corrigan <Vincent.Corrigan@Phila.gov>
To: Daniel F Leonard <Daniel.F.Leonard@phila.gov>
Sent: Tuesday, September 23, 2025 1:01 PM
Subject: Comm v Ferrari

Apparently Mr. Ferrari misbehaved again in court yesterday before Judge Shulman. Brett contacted Ferraris attorney to have him admonished. Can you contact Judge Shulman to document what, exactly Ferrari was doing? Today would not be a good day to do this as it is Rosh Hashanah. Thursday or Friday would be better. As Brett has moved onto MC I am handling the case for now.

Thanks

Vini

Vincent Corrigan

Chief Special Investigations Unit

Philadelphia District Attorney's Office

3 South Penn Square

Philadelphia PA 19107

Office 215-686-8754

Cell [redacted]

---

From: Daniel F Leonard <Daniel.F.Leonard@phila.gov>
To: Vincent Corrigan <Vincent.Corrigan@Phila.gov>
Sent: Thursday, September 25, 2025 1:06 PM
Subject: Re: Comm v Ferrari

Vini,

Do you have a better contact for Judge Sulman's chambers? I've been trying 6-7912 for a couple days and no call-back.

Detective Daniel Leonard #117

Philadelphia District Attorney's Office

Investigations Unit

3 S. Penn Sq.

Philadelphia Pa 19107

Office-215-686-5760

---

From: Daniel F Leonard <Daniel.F.Leonard@phila.gov>
To: Vincent Corrigan <Vincent.Corrigan@Phila.gov>
Sent: Thursday, September 25, 2025 1:34 PM
Subject: Re: Comm v Ferrari

No worries, just spoke with him. Will send you a summary this afternoon.

[signature block as above]

---

From: Vincent Corrigan <Vincent.Corrigan@Phila.gov>
To: Daniel F Leonard <Daniel.F.Leonard@phila.gov>
Sent: Thursday, September 25, 2025 1:36 PM
Subject: Re: Comm v Ferrari

Thank you!

[signature block as above]

---

From: Daniel F Leonard <Daniel.F.Leonard@phila.gov>
To: Vincent Corrigan <Vincent.Corrigan@Phila.gov>
Cc: Megan Lynch <Megan.Lynch@phila.gov>
Sent: Thursday, September 25, 2025 2:27 PM (Date header: Thu, 25 Sep 2025 18:27:42 +0000)
Subject: Re: Comm v Ferrari

Attachment: Ferrari v. Ferrari 9-22-2025 Divorce Motion Hearing Transcript.pdf

[Body of summary omitted.]

---

*Attachment A (1 of 2). Page 2 of a copy of the same email thread contained in the District Attorney's Office production, with redactions (file title "Re_Comm_v_Ferrari_Redacted"). The redactions are the producing party's. Page 1 of that copy (the September 25, 2:27 p.m. message) is omitted here.*

[redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

[redacted]

[redacted]

---

[redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

*Attachment A (2 of 2). Page 3 of the same redacted copy, as produced.*

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

# EXHIBIT 8

Emails of Brett A. Zakeosian to Vincent Corrigan, October 31, 2025 (1:00 p.m.), November 14, 2025 (11:34 a.m.), and December 3, 2025 (9:03 a.m.) — headers, notes, and signature blocks (forwarded messages omitted; cell number redacted)

*Excerpts: for each message, the header, forwarding note, and signature block, cropped from the documents as produced. The forwarded messages are omitted. A personal cell-phone number is redacted.*

| | |
|---|---|
| **From:** | Brett Zakeosian |
| **To:** | Vincent Corrigan |
| **Cc:** | Brian M Collins |
| **Subject:** | Fw: Ferrari v. Ferrari - 0C2402084 |
| **Date:** | Friday, October 31, 2025 1:00:51 PM |
| **Attachments:** | Outlook-uekkfoco.jpg |

See below

**Brett A. Zakeosian**
Chief | Municipal Court Unit
Philadelphia District Attorney's Office
3 S. Penn Square
Philadelphia, PA 19107
(215) 686-8098
[redacted]

| | |
|---|---|
| **From:** | Brett Zakeosian |
| **To:** | Vincent Corrigan |
| **Subject:** | Fw: blame Enrico.... I'm just the Messenger from Above |
| **Date:** | Friday, November 14, 2025 11:34:09 AM |
| **Attachments:** | image0.png<br>image0.png<br>Outlook-rbvgh5ft.jpg |

More from Mr. Ferrari

**Brett A. Zakeosian**
Chief | Municipal Court Unit
Philadelphia District Attorney's Office
3 S. Penn Square
Philadelphia, PA 19107
(215) 686-8098
[redacted]

| | |
|---|---|
| **From:** | Brett Zakeosian |
| **To:** | Vincent Corrigan |
| **Subject:** | Fw: Com. v. Chad Ferrari, MC-51-CR-15343-2025 |
| **Date:** | Wednesday, December 3, 2025 9:03:33 AM |
| **Attachments:** | image0.png<br>image1.png<br>image2.png<br>Outlook-w4ll5abk.jpg |

**Brett A. Zakeosian**
Chief | Municipal Court Unit
Philadelphia District Attorney's Office
3 S. Penn Square
Philadelphia, PA 19107
(215) 686-8098
[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

# EXHIBIT 9

Commonwealth's Motion to Appoint an Out-of-County Judge, MC-51-CR-0015343-2025, January 13, 2026 — first page and Certification of Service (remaining pages omitted)

*Excerpts of the motion as filed: first page (caption and paragraphs 1–2), then the Certification of Service. The remaining pages are omitted.*

**DISTRICT ATTORNEY'S OFFICE**
By: ADA Vincent Corrigan
Three South Penn Square
Philadelphia, PA 19107
(215) 686-8754
vincent.corrigan@phila.gov

**IN THE MUNICIPAL COURT OF PHILADELPHIA COUNTY**
**CRIMINAL DIVISION**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | MC-51-CR-0015343-2025 |
| v. | : | |
| | : | |
| CHAD FERRARI | : | NCD 2/2/26 Rm. 606 |

**COMMONWEALTH'S MOTION TO APPOINT AN OUT-OF-COUNTY JUDGE**

TO THE HONORABLE JUDGE T. FRANCIS SHIELDS:

Lawrence S. Krasner, District Attorney of Philadelphia County, by his assistant, Vincent Corrigan, respectfully moves this Honorable Court to appoint an Out-Of-County Judge in the instant matter.

1. On August 19, 2025, Defendant Chad Ferrari was arrested on one charge of Recording in Court in the above captioned matter, scheduled in Courtroom 606 on Monday, February 2, 2026. The matter is scheduled for trial.

2. A witness in the above captioned matter is Hon Daniel Sulman duly elected and sitting Court of Common Pleas for the City and County of Philadelphia, assigned to Family Court at 1501 Arch Street.

**CERTIFICATION OF SERVICE**

I, Assistant District Attorney Vincent Corrigan, hereby certify that a true and correct copy of the herein Certification was electronically filed and served upon the following by the First Judicial District's e-Filing system and the methods listed below:

By email to:

Defense Attorney for Chad Ferrari: Defender Assoc of Philadelphia, Kevin Yao

*/s/Vincent Corrigan*

Vincent Corrigan
Assistant District Attorney

Date: January 13, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

# EXHIBIT 10

Email of ADA Brett A. Zakeosian, Special Investigations Unit, to Plaintiff, copied to Detective Daniel F. Leonard, July 17, 2025, 1:55 p.m.

*Excerpt: message header, body, and signature block of the July 17, 2025 email, cropped from the document as produced; the quoted earlier message is omitted; a cell-phone number is redacted.*

**Re: Cell Phone Policy – New Handout Issued After June 18 Court Hearing**

From Brett Zakeosian <Brett.Zakeosian@Phila.gov>
Date Thu 7/17/2025 1:55 PM
To CHAD FERRARI <chadferrari@me.com>
Cc Daniel F Leonard <DanielF.Leonard@phila.gov>

Dear Mr. Ferrari,

You are currently under criminal investigation. As both a prosecutor and a member of the bar, I must advice you that anything you say to me can be used against you in any criminal proceeding. I cannot answer the questions you have posed to myself and Detective Leonard. You should seek the assistance of legal counsel.

Respectfully,

**Brett A. Zakeosian**
Assistant District Attorney
Special Investigations Unit
Philadelphia District Attorney's Office
3 S. Penn Square
Philadelphia, PA 19107
(215) 686-5705
[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

# EXHIBIT 11

Axon Evidence.com Case Audit Trail, Dept. "Philadelphia DA - SIU," Case ID 25-71-000056, generated June 5, 2026, pages 1, 6, 18, 19, and 20 (page 1 header and upper part of page 18 shown; one IP address and one web address redacted), as produced by the District Attorney's Office

*Excerpts of the audit trail as produced: page 1 (upper part), pages 6, 18, 19, and 20 (page 18 shown from the top of the table); highlighting added. One IP address on page 18 and one web address on page 6 are redacted.*

CASE AUDIT TRAIL                                                                                AXON

---

Dept.: Philadelphia DA - SIU
Case ID: 25-71-000056
Unique ID: B4D69E13-99B1-464B-8B2A-74FC824790C4

Generated by: Corrigan, Vincent (Badge ID: vincent.corrigan)
Local timezone: America/New_York (UTC -04:00)
Generated on: 05 Jun 2026 13:15:20 (-04:00)

Audit data current as of: 05 Jun 2026 13:15:14 (-04:00)
Audit trail date range: 05 Jun 2025 - 05 Jun 2026

CASE AUDIT TRAIL

AXON

Dept.: Philadelphia DA - SIU
Case ID: 25-71-000056
Unique ID: 84D69E13-99B1-464B-8B2A-74FC824790C4

Generated by: Corrigan, Vincent (Badge ID: vincent.corrigan)
Local timezone: America/New_York (UTC -04:00)
Generated on: 05 Jun 2026 13:15:20 (-04:00)

Audit data current as of: 05 Jun 2026 13:15:14 (-04:00)
Audit trail date range: 05 Jun 2025 - 05 Jun 2026

| # | Timestamp | Activity | Details |
|---|---|---|---|
| 88 | 01/14/2026 16:30:15 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 89 | 01/14/2026 16:30:15 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 90 | 01/14/2026 16:17:49 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 91 | 01/14/2026 16:17:49 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 92 | 01/14/2026 16:17:40 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 93 | 01/14/2026 15:35:48 | McInerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 94 | 01/14/2026 15:35:45 | McInerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 95 | 01/14/2026 15:34:31 | McInerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 96 | 01/14/2026 15:34:29 | McInerney, Ethan \| "Do not disclose" flag added to evidence in case | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Evidence Title: Re_ Comm v Ferrari.pdf<br>Case ID: 25-71-000056 |
| 97 | 01/14/2026 15:34:29 | McInerney, Ethan \| "Do not disclose" flag added to evidence in case | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Evidence Title: Re_ Comm v Ferrari.eml<br>Case ID: 25-71-000056 |
| 98 | 01/14/2026 15:33:35 | McInerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 99 | 01/14/2026 15:33:34 | McInerney, Ethan \| "Do not disclose" flag added to evidence in case | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Evidence Title: Re_ Christmas Eve and Christmas Day custody schedule .eml<br>Case ID: 25-71-000056 |
| 100 | 01/14/2026 15:33:34 | McInerney, Ethan \| "Do not disclose" flag added to evidence in case | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Evidence Title: Re_ Christmas Eve and Christmas Day custody schedule .pdf<br>Case ID: 25-71-000056 |
| 101 | 01/14/2026 15:33:09 | McInerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 102 | 01/14/2026 15:33:09 | McInerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 103 | 01/14/2026 15:32:57 | McInerney, Ethan \| Evidence Added to Case Folder | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056<br>Evidence 'Owner: McInerney, Ethan (314190); URL: [redacted] Added to Folder 'Ferrari Correspondence to Chambers' |

6

CASE AUDIT TRAIL

AXON

Dept.: Philadelphia DA - SIU
Case ID: 25-71-000056
Unique ID: B4D69E13-99B1-464B-8B2A-74FC824790C4

Generated by: Corrigan, Vincent (Badge ID: vincent.corrigan)
Local timezone: America/New_York (UTC -04:00)
Generated on: 05 Jun 2026 13:15:20 (-04:00)
Audit data current as of: 05 Jun 2026 13:15:14 (-04:00)
Audit trail date range: 05 Jun 2025 - 05 Jun 2026

| # | Timestamp | Activity | Details |
|---|---|---|---|
| 224 | 10/09/2025 13:40:10 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 225 | 10/01/2025 16:30:54 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 226 | 10/01/2025 16:30:54 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 227 | 10/01/2025 16:30:53 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 228 | 09/22/2025 16:18:49 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 229 | 09/22/2025 16:18:49 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 230 | 09/22/2025 16:18:48 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 231 | 09/18/2025 13:34:13 | [redacted] | |
| 232 | 09/18/2025 13:30:30 | System \| Successfully sent case evidence download link containing 1 package(s) to Goldstein, Zak (14cf40b3fda) Agency: my.evidence.com.<br>Download link expires on 12/17/2025 12:30:26 PM (-05:00). | |
| 233 | 09/18/2025 13:30:30 | McInerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 234 | 09/18/2025 13:30:26 | McInerney, Ethan \| Case Download Link Shared | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056<br>Initiated case evidence download link to Goldstein, Zak (14cf40b3fda) Agency: my.evidence.com; excluding Audit Trails, Table of Contents, Transcripts, Folder Structure. Optional Message: Please find enclosed the discovery for Com v. Chad Fermin, MC-51-CR-0015343-2025. If you have any trouble accessing the material please contact either ADA Vinl Corrigan (vincent.corrigan@phila.gov) or SIU Paralegal Ethan McInerney (ethan.mcinerney@phila.gov) |

CASE AUDIT TRAIL

AXON

Dept.: Philadelphia DA - SIU
Case ID: 25-71-000056
Unique ID: B4D69E13-89B1-464B-8B2A-74FC824790C4

Generated by: Corrigan, Vincent (Badge ID: vincent.corrigan)
Local timezone: America/New_York (UTC -04:00)
Generated on: 05 Jun 2026 13:15:20 (-04:00)
Audit data current as of: 05 Jun 2026 13:15:14 (-04:00)
Audit trail date range: 05 Jun 2025 - 05 Jun 2026

| # | Timestamp | Activity | Details |
|---|---|---|---|
| 241 | 09/18/2025 13:27:09 | Mcinerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 242 | 09/18/2025 13:27:04 | Mcinerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 243 | 09/18/2025 13:27:04 | Mcinerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 244 | 09/17/2025 14:10:24 | Mcinerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 245 | 09/17/2025 14:09:51 | Mcinerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 246 | 09/17/2025 14:09:50 | Mcinerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 247 | 09/17/2025 14:09:50 | Mcinerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 248 | 09/15/2025 11:30:20 | Mcinerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 249 | 09/15/2025 11:29:18 | Mcinerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 250 | 09/15/2025 11:29:15 | Mcinerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 251 | 09/15/2025 11:29:13 | Mcinerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 252 | 09/15/2025 11:29:01 | System \| Successfully sent case evidence download link containing 1 package(s) to Yee, Adam (3464f846b5ba) Agency: my.evidence.com.<br>Download link expires on 03/14/2026 11:28:58 AM (-04:00). | |
| 253 | 09/15/2025 11:28:58 | Mcinerney, Ethan \| Case Download Link Shared | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056<br>Initiated case evidence download link to Yee, Adam (3464f846b5ba) Agency: my.evidence.com; excluding Audit Trails, Table of Contents, Transcripts, Folder Structure. Optional Message: On behalf of ADA Vinl Corrigan, enclosed please find a download link to the discovery for Comm. v. Chad Ferrari, MC-51-CR-0015343-2025. If you encounter any issues with the download link please contact him or SIU Paralegal Ethan Mcinerney (ethan.mcinerney@phila.gov) |
| 254 | 09/15/2025 11:27:08 | Mcinerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 255 | 09/15/2025 11:26:08 | Mcinerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 256 | 09/15/2025 11:26:06 | Mcinerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |
| 257 | 09/15/2025 11:26:05 | Mcinerney, Ethan \| Case Record Accessed | Badge ID: 314190<br>User ID: bdce3de4-00ee-46c9-8094-c1fc498ad891<br>Username: ethan.mcinerney@phila.gov<br>Case ID: 25-71-000056 |

## CASE AUDIT TRAIL

AXON

Dept.: Philadelphia DA - SIU
Case ID: 25-71-000056
Unique ID: B4D69E13-09B1-464B-8B2A-74FC824790C4

Generated by: Corrigan, Vincent (Badge ID: vincent.corrigan)
Local timezone: America/New_York (UTC -04:00)
Generated on: 05 Jun 2026 13:15:20 (-04:00)
Audit data current as of: 05 Jun 2026 13:15:14 (-04:00)
Audit trail data range: 05 Jun 2025 - 05 Jun 2026

| # | Timestamp | Activity | Details |
|---|---|---|---|
| 258 | 09/15/2025 11:24:11 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 259 | 09/15/2025 11:24:00 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 260 | 09/15/2025 11:23:49 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 261 | 09/15/2025 11:23:49 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 262 | 09/15/2025 11:23:29 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 263 | 09/15/2025 11:22:01 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 264 | 09/15/2025 11:21:49 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 265 | 09/15/2025 11:21:01 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 266 | 09/15/2025 11:20:40 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 267 | 09/15/2025 11:19:31 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 268 | 09/15/2025 11:10:30 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 269 | 09/15/2025 11:17:35 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 270 | 09/15/2025 11:16:38 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 271 | 09/15/2025 11:16:13 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 272 | 09/15/2025 11:14:37 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 273 | 09/15/2025 11:13:27 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 274 | 09/15/2025 11:13:27 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |
| 275 | 09/15/2025 11:13:26 | Corrigan, Vincent \| Case Record Accessed | Badge ID: vincent.corrigan<br>User ID: c33a48fa-993f-49d2-b0b3-c8ec5da7dd5e<br>Username: vincent.corrigan<br>Case ID: 25-71-000056 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

# EXHIBIT 12

Philadelphia Police Department Arrest Report, DC No. 25-09-147368, excerpt (case identifiers and occurrence and report times; remainder omitted)

*Excerpt of page 1 as produced: case identifiers and occurrence and report times. The remainder of the page is omitted.*

| | | | | |
|---|---|---|---|---|
| Year: 2025 | District: 09 | DC#: 25-09-147368 | PSA: 3 | Ctrl#: 13326 |

**OCCURRENCE:**

| | | | |
|---|---|---|---|
| Date / Time: 12/24/2025 11:22AM | Date reported: 12/24/2025 11:22AM | Inside/Outside: I | Codefendants?: N |