**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

**PLAINTIFF'S MOTION UNDER FED. R. CIV. P. 6(b)(1)(A) TO EXTEND THE TIME TO AMEND AS A MATTER OF COURSE UNDER RULE 15(a)(1)(B)**

1. Plaintiff Chad Mark Franco Ferrari, pro se, moves under Fed. R. Civ. P. 6(b)(1)(A) for an order extending through October 26, 2026 his time to amend the complaint once as a matter of course under Rule 15(a)(1)(B). In the alternative, Plaintiff moves under Rule 15(a)(2) for leave to file an amended complaint on or before October 26, 2026. Supplemental allegations under Rule 15(d) are the subject of Plaintiff's separate motion for leave and are not requested here.

2. On September 14, 2026, Defendant Vincent Corrigan filed a motion to dismiss under Rule 12(b) (ECF 33). Its certificate of service states that it was served that day through the Court's electronic filing system (ECF 33 at 12). Measured from that date, the 21-day period under Rule 15(a)(1)(B) ends today, October 5, 2026. This motion is filed within that period. Plaintiff states these filing facts only; he does not concede that electronic service was effective on a pro se party who is not a registered CM/ECF user, and he reserves all objections to service.

3. Good cause exists. Plaintiff has acted diligently: a proposed Amended and Supplemental Complaint is drafted and is being checked line by line against the record. The remaining work is concrete: confirm each factual allegation against its record source, conform

the pleading to the issues raised in ECF 33, and coordinate it with Plaintiff's separate Rule 15(d) motion so the Court receives one coherent pleading rather than piecemeal amendments.

4. The 21-day period overlapped with a non-jury trial on October 2, 2026 in a separate state-court civil action in which Plaintiff is a pro se party. Preparing for and attending that trial consumed the final week of the period. Plaintiff raises the state matter only to explain his time; he asks this Court for no relief concerning it.

5. Plaintiff asked for leave to amend once before. His motion filed August 7, 2026 (ECF 21) included a request for leave to amend, and it has not been ruled on. Plaintiff's other motions filed since August 5, 2026 (ECF 20, 22, 23, 28, 29, 30, 32) likewise remain pending. During the same period the Court twice granted Defendant Corrigan additional time to respond to the complaint (ECF 19, granting ECF 18; ECF 26, granting ECF 24). Plaintiff asks for the same consideration: one extension of 21 days. Plaintiff does not contend that his pending motions suspended any deadline. ECF 25 and ECF 31 seek unrelated relief.

6. Plaintiff acknowledges the Court's policy, stated in Section V of its Policies and Procedures, that requests for extension made on the day a deadline expires are generally disfavored absent good cause arising that day. Plaintiff states candidly that no new event arose today. The request is made today because the cumulative demands described above, a state trial three days ago and a pleading still under record verification, left no earlier opportunity to complete this motion. The request is filed before the deadline expires, as Rule 6(b)(1)(A) requires.

7. No party will be prejudiced. No answer has been filed, no scheduling order has entered, no discovery has begun, and no trial date is set. An amended pleading filed by October 26, 2026 would let Defendants direct any renewed motion at the operative complaint and would

spare the Court from deciding ECF 33 against a pleading about to be superseded. Plaintiff has not obtained Defendants' position on this motion and does not represent it as uncontested.

8. This motion seeks only time. It does not ask the Court to rule on ECF 33 or on any pending motion.

BRIEF IN SUPPORT (L.R. 7.1(c))

Under Fed. R. Civ. P. 6(b)(1)(A), when an act must be done within a specified time, the Court may, for good cause, extend the time if the request is made before the original time expires. This request is made before expiration. Good cause turns chiefly on the movant's diligence and the absence of prejudice; both are shown in paragraphs 3 through 7.

Rule 15(a)(1)(B) permits a party to amend once as a matter of course no later than 21 days after service of a motion under Rule 12(b). Plaintiff has not amended before; the one-time right remains unused. Should the Court decline to extend that period, Rule 15(a)(2) directs that leave be freely given when justice so requires. Here there is no undue delay, no bad faith, no repeated failure to cure, and no prejudice, and the case has not progressed past the pleadings. Either route supports the order requested.

Local Rule 7.1(c) requires a brief with every contested motion; this brief is incorporated for that purpose. A proposed order is attached.

WHEREFORE, Plaintiff respectfully asks that the Court grant this motion and enter the attached proposed order.

Respectfully submitted,

Chad Mark Franco Ferrari, Plaintiff, pro se
1119 Wallace Street, 1st Floor
Philadelphia, PA 19123
(215) 483-1985 | chadferrari@me.com
Dated: October 5, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

**[PROPOSED] ORDER**

AND NOW, this ____ day of ______________, 2026, upon consideration of Plaintiff's Motion under Fed. R. Civ. P. 6(b)(1)(A) to Extend the Time to Amend, it is ORDERED that the Motion is GRANTED as follows:

1. [ ] Plaintiff's time to amend as a matter of course under Fed. R. Civ. P. 15(a)(1)(B) is extended through October 26, 2026.

2. [ ] In the alternative, Plaintiff is granted leave under Fed. R. Civ. P. 15(a)(2) to file an amended complaint on or before October 26, 2026.

BY THE COURT:

______________________________
GAIL A. WEILHEIMER, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHAD MARK FRANCO FERRARI,
Plaintiff,
v.
DETECTIVE DANIEL LEONARD, et al.,
Defendants.

Civil Action No. 2:26-cv-01866-GAW | Hon. Gail A. Weilheimer

## CERTIFICATE OF SERVICE

I certify that on October 5, 2026, I submitted the foregoing Motion, Brief in Support, and Proposed Order to the Clerk of Court for filing, and served a copy on the following counsel of record by [redacted]: method — [redacted]/ email by consent]:

Steven A. Nelson, Esquire, and Armand Avila, Esquire, City of Philadelphia Law Department, counsel for Defendant Vincent Corrigan — [[redacted]/email of record]

Dean E. Weisgold, Esquire, counsel for Defendant Williamson — [redacted]: [redacted]/email of record]

________________________________
Chad Mark Franco Ferrari
Dated: October 5, 2026