**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHAD MARK FRANCO FERRARI, | : | |
| | : | |
| | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | 2:26-cv-01866-GAW |
| | : | |
| DANIEL LEONARD, et al., | : | |
| | : | |
| *Defendants.* | : | |

**ORDER**

**AND NOW**, this 16th day of October 2026, upon consideration of Plaintiff's Second Motion for Extension of Time to Complete Service (Dkt. No. 25), it is hereby **ORDERED** that this Motion is **DENIED** and Plaintiff's claims against the following individuals are **DISMISSED** due to lack of timely service: Detective Daniel Leonard, Officer Robert James Killman, Jr., Detective Davis, Detective Chad Jeter, Officer Gonzalez (Badge #504), Lt. Sheriff Barry Johnson (Badge #105), Sheriff Rochelle Bilal, Assistant District Attorney Brett Zakeosian, District Attorney Larry Krasner, Richard Williamson,[1] the City of Philadelphia and "Does 1-25".[2]

BY THE COURT:

____________________________
GAIL A. WEILHEIMER, J.

[1] Plaintiff incorrectly claims that he served Richard Williamson. *See* Second Motion for Extension of Time to Complete Service (Dkt. No. 25), at 1. Although Plaintiff delivered a copy of the Complaint to Mr. Williamson's counsel, counsel never agreed to accept service. *See* Letter from D. Weisgold, dated September 3, 2026 (Dkt. No. 27), at 1. Moreover, Plaintiff has not filed a certificate of service as to Mr. Williamson.

[2] Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action . . . against that defendant or order that service be made within a specified time." When a party moves for an extension of time after the time to effectuate service has expired, like the case here, courts may, for good cause, extend the deadline "if the party has failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).

Whether a party's neglect is excusable is "at bottom an equitable [question], taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Specifically, a court must consider (1) the danger of prejudice to the nonmovant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.*; *Konias v. Druskin*, No. 23-2864, 2026 WL 1031813, at *4 (3d Cir. Apr. 16, 2026) (internal citations omitted) (explaining that a district court must make a finding of excusable neglect, under the *Pioneer* factors, before permitting an untimely motion). Pro se litigants are not excused from compliance with procedural rules; however, a court may consider a party's pro se status when assessing the presence of excusable neglect. *Piano Wellness, LLC v. Williams*, No. CV 11-1601 (NLH/AMD), 2013 WL 12303219, at *4 (D.N.J. Aug. 7, 2013). Notably, the Court has no discretion to grant a post-deadline extension absent a motion and showing of excusable neglect. *Konias*, 2026 WL 1031813, at *4. Here, the Court concludes that, on balance, the *Pioneer* factors weigh *against* finding excusable neglect and any further extension is unwarranted. The Court addresses each *Pioneer* factor in turn.

First, there is no evidence that Defendants would be prejudiced by the delay. "[A] finding of prejudice should be a conclusion based on facts in evidence." *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 331 (3d Cir. 2012). Stated differently, prejudice does not consist of "an imagined or hypothetical harm;" rather, prejudice arises where "the opposing party has lost evidence or placed substantial reliance on the judgment or there is an increased potential for fraud or collusion." *Id*. at 331–32. Here, the Court has not been presented with evidence that the unserved Defendants would be prejudiced by the delay. Accordingly, this factor weighs in favor of finding excusable neglect.

As to the second factor — the length of the delay and its potential impact on judicial proceedings — the Court finds that this factor weighs slightly against finding excusable neglect. The Court previously granted Plaintiff a 60-day extension to complete service, giving him a total of five months to serve all Defendants. *See* Order (Dkt. No. 17). Granting Plaintiff's Second Motion for Extension of Time to Complete Service would extend the service period to more than twice the time originally allowed under Federal Rule of Civil Procedure 4(m), resulting in a significant delay.

The third factor—the reason for the delay—does not support finding excusable neglect. Plaintiff attempts to justify a second extension by explaining that he is "simultaneously managing nine active dockets" as a pro se litigant and has had to "divert all resources to emergency filings across multiple forums." Second Motion for Extension of Time to Complete Service (Dkt. No. 25) at 2. "It is well established that a busy workload generally does not constitute a basis for a finding of excusable neglect." *Ragguette*, 691 F.3d at 330. Courts in this Circuit have likewise declined to find excusable neglect when pro se litigants attribute missed deadlines to competing obligations. *See, e.g.*, *Serfess v. Equifax Credit Info. Servs.*, No. 13-406 (RBK/JS), 2016 WL 6562040, at *2 (D.N.J. Nov. 4, 2016), *aff'd sub nom. Serfess v. Equifax Credit Info. Servs., LLC*, 692 F. App'x 102 (3d Cir. 2017) (finding no excusable neglect to justify a pro se litigant's failure to meet a deadline where the litigant cited a demanding job and unfamiliarity with the court's procedural rules). The Court recognizes the difficulties pro se litigants face, which is why it granted Plaintiff's first request for an extension. Nevertheless, Plaintiff's explanation that he is too busy litigating other cases to complete service within the extended period does not establish excusable neglect.

Finally, the Court finds that the fourth factor—whether the movant acted in good faith—weighs against finding excusable neglect. The Third Circuit has explained that "a party acts in good faith when he acts with 'reasonable haste to investigate the problem and to take available steps toward a remedy.'" *In re Smiles*, 600 F. App'x 838, 841 (3d Cir. 2015) (quoting *In re Cendant Corp. PRIDES Litig*., 235 F.3d 176, 184 (3d Cir. 2000)). Here, Plaintiff named twelve Defendants in his Complaint, eleven of whom work for one of three Philadelphia agencies: the District Attorney's Office, the Sheriff's Department, and the Police Department. The agencies' publicly listed addresses and Plaintiff's residential address in the Complaint (Dkt. No. 1) show that he lives less than two miles from each agency. Thus, service here is not difficult. As evidenced from the Complaint and the Second Motion for Extension of Time to Complete Service, Plaintiff knows where the named Defendants work and could have served eleven of them at their respective workplaces. *See* Fed. R. Civ. P. 4(e)(1) (permitting service in accordance with state law); Pa. R. Civ. P. 402(a)(2)(iii) (permitting service by handing a copy of the original process "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof"). Despite this, Plaintiff served only one of the twelve Defendants in approximately five months. Although Plaintiff's Second Motion for Extension of Time to Complete Service includes a plan for serving the remaining Defendants, the Court cannot overlook that the

information underlying this plan was available to Plaintiff from the outset of this action. Plaintiff does not explain why he could not have implemented this plan earlier. The plan therefore provides no justification for Plaintiff's failure to effect timely service. Moreover, Plaintiff has not alleged that he attempted to serve the remaining Defendants either during the original service period or during the extension granted by the Court.

On balance, one *Pioneer* factor supports the finding of excusable neglect, and three factors weigh against it. The Court concludes that Plaintiff's neglect was not excusable and will deny Plaintiff's Second Motion for Extension of Time to Complete Service (Dkt. No. 25).