**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHAD MARK FRANCO FERRARI,<br>*Plaintiff*,<br>v.<br>DETECTIVE DANIEL LEONARD, *et al.*,<br>*Defendants*. | No. 2:26-cv-01866 |

**OPINION**

This opinion addresses the Motion to Dismiss (Dkt. No. 33) filed in this matter by Defendant Vincent Corrigan.

## I. BACKGROUND

Plaintiff Chad Ferrari, who is *pro se*, brought suit against several defendants under 42 U.S.C. § 1983 after he "was arrested three times in seven months[.]" Complaint (Dkt. No. 1) at ¶ 1. Plaintiff was first arrested in August 2025 for Unlawful Use of an Audio or Video Device in Court. *See Commonwealth v. Ferrari*, MC-51-CR-0015343-2025. He was then arrested in January 2026 for Contempt for Violation of Order or Agreement and Terroristic Threats with Intent to Terrorize Another. *See Commonwealth v. Ferrari*, MC-51-CR-0000640-2026. Finally, he was arrested in February 2026 for Ethnic Intimidation, Retaliation Against Prosecutor or Judicial Official, Terroristic Threats with Intent To Terrorize Another, Stalking, and Harassment. *See Commonwealth v. Ferrari*, MC-51-CR-0004295-2026. Plaintiff maintains that "[e]ach arrest rests, directly or indirectly, on a [protection from abuse

(PFA)] order[.]" Complaint at ¶ 3. Corrigan is the prosecutor assigned to Plaintiff's cases. Motion at 4.

Plaintiff names Corrigan in three of the eight counts in his Complaint: First, Corrigan is named in "Count II—Fourth Amendment: False Arrest/Wrongful Imprisonment (Three Arrests)[.]" Complaint at ¶ 56. In Count II, Plaintiff alleges that the three arrests were not supported by probable cause. Second, Corrigan is named in "Count IV—Fourteenth Amendment: Brady Suppression[.]" *Id.* at ¶ 58. In Count IV, Plaintiff contends that attorneys involved in his case failed to disclose the name of a material witness in a timely manner. Finally, Corrigan is named in "Count V—Giglio/Brady: Prosecutorial Conflict Non-Disclosure[.]" *Id.* at ¶ 59. In Count V, Plaintiff asserts that the District Attorney's Office failed to disclose a conflict involving a judge and prosecutors. Corrigan now "moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." Motion at 1.

## II. LEGAL STANDARD

"A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine whether a complaint states a claim, a court must accept all of Plaintiff's factual allegations as true. *Iqbal*, 556 U.S. at 678. However, a court may dismiss a complaint that contains no "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Courts need not accept "legal conclusion[s] couched as factual allegation[s]." *Twombly*, 550 U.S. at 555; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Dismissal is warranted when a complaint alleges "facts [that] do not permit the court to infer more than a mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

## III. Analysis

### A. Count II

In Count II—the first count involving Corrigan—Plaintiff argues that each of his arrests "was made on a warrant predicated on materially false or fraudulent information." Complaint at ¶ 56. With respect to his arrest for using a recording device in court, Plaintiff contends that he was arrested by Detective Daniel Leonard. *Id.* at ¶ 9. He maintains that a "warrant issued on a deliberately false probable-cause statement—that signs [explaining recording was prohibited] were posted when they

were not—is void[.]" *Id.* at ¶ 56. Taking Plaintiff's allegations as true, he still fails to state a claim. The statute in question, 18 Pa.C.S. § 5103.1, does not require signage indicating that recording is prohibited.[1] Accordingly, he has failed to state a claim against Corrigan.

Regarding his second and third arrests, Plaintiff alleges they "rest on a PFA filed for residential possession … authorized by a judge later arrested for the predicate conduct [ ] making those warrants equally void under *Malley v. Briggs*, 475 U.S. 335 (1986)." Complaint at ¶ 56. According to Plaintiff, Judge Fanning issued a temporary PFA order against Plaintiff and was later arrested on domestic violence charges. *Id.* at ¶¶ 21, 24. Plaintiff stresses that the "gatekeeping judge who authorized the PFA predicate was suspended for the exact conduct the PFA was supposed to prevent[,]" insisting this "further destroys any presumption that the … PFA was authorized through a constitutionally adequate gatekeeping process." *Id.* at ¶ 24. Plaintiff also emphasizes that, at a later hearing, counsel arguing for the PFA order stated, "'Because she got exclusive possession of the house'—explicitly linking the PFA to a residential-possession objective, not protection from abuse." *Id.* at ¶ 23. Plaintiff claims that "[t]his binding on-record admission voids the probable-cause foundation of every arrest predicated on that PFA." *Id.*

---

[1] "A person commits an offense if the person in any manner and for any purpose uses or operates a device to capture, record, transmit or broadcast a photograph, video, motion picture or audio of a proceeding or person within a judicial facility or in an area adjacent to or immediately surrounding a judicial facility without the approval of the court or presiding judicial officer or except as provided by rules of court." 18 Pa.C.S. § 5103.1(a).

Again, even accepting all of Plaintiff's allegations as true, he fails to state a claim for two reasons. First, he does not plead facts that establish the PFA order was invalid. There is no legal basis for his contention that a judge's subsequent arrest somehow invalidates an earlier temporary protection order. Similarly, the vague assertion that counsel said, "Because she got exclusive possession of the house[,]" would not somehow invalidate the PFA order. Indeed, Pennsylvania's Protection From Abuse Act[2] explicitly permits protection orders to "[g]rant[] possession to the plaintiff of the residence or household to the exclusion of the defendant by evicting the defendant[.]" 23 Pa.C.S. § 6108(a)(2). And even if the PFA were issued in error, that would not necessarily mean officers lacked probable cause to arrest Plaintiff for violating an outstanding, presumptively valid order.

The second reason Plaintiff fails to state a claim is that he does not sufficiently link Corrigan to the allegedly unconstitutional conduct. He therefore fails to state a claim both generally and against this defendant specifically.

**B. Count IV**

Turning now to Count IV, Plaintiff contends that the District Attorney's "motion naming Judge Sulman as a material witness is Brady material." Complaint at ¶ 58. Plaintiff asserts this disclosure was made "minutes before" his third arrest. *Id.*

Plaintiff has not plausibly alleged that this information constitutes *Brady* material. In *Brady v. Maryland*, the Supreme Court held that "the suppression by

---

[2] 23 Pa.C.S. §§ 6101–6122.

the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). The prosecution "has an affirmative duty to disclose such evidence even though there has been no request for the evidence by the accused." *Johnson v. Folino*, 705 F.3d 117, 128 (3d Cir. 2013) (cleaned up). To prevail on a *Brady* claim, a defendant "must show that the prosecution (1) failed to disclose evidence that it had in its files that was (2) material and (3) favorable to him." *Johnson v. Mahanoy*, 144 F.4th 178, 188 (3d Cir. 2025) (citation omitted).

Plaintiff has not satisfactorily pleaded those three elements. It appears that Judge Sulman was presiding when Plaintiff allegedly illegally recorded court proceedings. *See* Complaint at ¶ 58; *see also* Motion at 4 (Judge Sulman was named "as a material witness in [Plaintiff's] prosecution for illegally recording court proceedings in Judge Sulman's courtroom."). Therefore, Plaintiff has not alleged he was unaware Judge Sulman witnessed the conduct in question, nor has he explained why Judge Sulman's testimony would be material or favorable. Consequently, even taking all of Plaintiff's allegations in Count IV as true, he has failed to state a claim.

**C. Count V**

Finally, Count V is deficient as well. Plaintiff claims that the District Attorney's Office "failed to disclose the structural conflict" that an assistant district attorney "assigned to the Family Violence and Sexual Assault Unit, the specific unit responsible for processing PFA contempt charges … is the daughter of" the judge who

issued the "jurisdictional predicate order" for one of Plaintiff's criminal cases. Complaint at ¶ 59. Plaintiff argues the "non-disclosure is a constitutional violation independent of whether [the daughter] personally participated in any charging decision." *Id.* Plaintiff maintains that under "*Giglio v. United States*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963), material information bearing on the institutional objectivity of prosecutorial decision-making must be disclosed." *Id.* According to Plaintiff, whether any "family-connected actor participated in, was consulted about, or was informed of any charging decision affecting Plaintiff is a factual question for discovery[.]" *Id.*

This Count cannot survive a motion to dismiss for at least three reasons. First, Plaintiff does not plead a viable claim under *Brady* or *Giglio*. Plaintiff does not plausibly allege that the purported conflict was material evidence favorable to him. *See Mahanoy*, 144 F.4th at 188. The elements of a successful *Brady* claim are therefore missing.

*Giglio* requires the prosecution to "disclose all information or material that may be used to impeach the credibility of prosecution witnesses where [a] witness's credibility is an important issue in the case[.]" *Fenico v. City of Philadelphia*, 70 F.4th 151, 158 (3d Cir. 2023) (citation and quotation marks omitted). Plaintiff, however, has not specified how the familial ties between an assistant district attorney and a judge affected the credibility of any prosecution witnesses.

This leads to a second, related reason that the claim fails: Plaintiff has not satisfied the pleading standard. The well-pleaded facts of a complaint must "permit

the court to infer more than the mere possibility of misconduct[.]" *Iqbal*, 556 U.S. at 679; *see also id.* at 678 (holding there must be "more than a sheer possibility that a defendant has acted unlawfully"). The sort of "naked assertions devoid of further factual enhancement" present in this Complaint are not enough to "unlock the doors of discovery." *See id.* at 678 (cleaned up).

Third, Plaintiff does not explain what role Corrigan himself played in any of the alleged wrongdoing. For these reasons, Plaintiff has failed to state a claim upon which relief can be granted.

**D. Plaintiff's Motion to Extend**

This Court also denies Plaintiff's Motion Under Fed. R. Civ. P. 6(b)(1)(A) to Extend the Time to Amend as a Matter of Course Under Rule 15(a)(1)(B) (Dkt. No. 35). In his Memorandum of Law in Opposition to the Motion to Dismiss, Plaintiff explains that his amended complaint would:

> (1) plead Corrigan's conduct by act, with dates, sources, and the function each act served; (2) tie each count against Corrigan to specific acts; (3) add the July 1, 2025 search-warrant approval to the Fourth Amendment search claim; and (4) correct the original complaint's description of the phone search as warrantless—the production shows that a warrant issued on July 2, 2025, on an application bearing a notation of Corrigan's approval dated the day before.

Memorandum in Opposition (Dkt. No. 34) at 3; *see also id.* at 4–7, 16–18 (detailing the facts the amended complaint would plead).

None of these proposed amendments would cure the problems with the Complaint identified above. Even if Plaintiff pleads additional facts linking Corrigan to the three Counts at issue, dismissal would still be required because Plaintiff has failed to articulate any cognizable legal injury. Accordingly, any amendment to the

Complaint would be futile. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (citation omitted)). It is therefore appropriate to deny Plaintiff's request for an extension of time to file an amended complaint. *See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp*, 908 F.3d 872, 878 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, i.e., if the proposed complaint could not withstand a renewed motion to dismiss." (citation and quotation marks omitted)).

## IV. CONCLUSION

For the foregoing reasons, this Court will grant Corrigan's Motion to Dismiss and deny Plaintiff's Motion to Extend. An appropriate order follows.[3]

DATED: October 16, 2026

BY THE COURT:

____________________________

Gail A. Weilheimer, J.

---

[3] Because the reasons given above are sufficient to grant the Motion to Dismiss in its entirety, there is no need to address Corrigan's argument that he is entitled to absolute immunity as a prosecutor, or that the *Younger* abstention doctrine applies. *See* Motion at 6–8.